# Macan *v.* Scandinavia Belting Company, Appellant.

*Res judicata—Parties—Corporation—Stockholder.*

1. In an action of assumpsit on book accounts by one corporation against another, where a judgment is entered adversely to the defendant on a counterclaim set up for damages for rescission of a contract alleged to have been assigned to it by its largest stockholder, such judgment is not res judicata, in a subsequent action by such stockholder against the plaintiff corporation in the former suit, for damages for the rescission of the same contract, inasmuch as the parties are not the same. The fact that plaintiff in the second suit was a large stockholder of the corporation which was the defendant in the first suit, did not make him a party in the first suit, within the meaning of the rule requiring identity of parties to make a judgment in one proceeding res judicata in another.

2. Where the jury expressly found in the first case that there was no assignment of the contract in question by the stockholder to the corporation and overruled the claim for damages for this reason, there was no adjudication on the merits, and the first case was not res judicata of the second.

3. The fact that the plaintiff in the second suit testified in the first suit, that he had made such assignment, will not bar him from recovery in the second suit, where it appears that he was in fact mistaken, in thinking, and so testifying, that certain steps which he had taken constituted a valid transfer of the contract.

4. The record of the first suit does not conclusively establish the facts testified to by the witness, so as to constitute an estoppel, but only is evidence of a declaration or admission by the witness that the facts were as stated, and affects merely his credibility.

*Corporations—Stockholders—Separate entity.*

5. A corporation has a separate entity or existence, irrespective of the persons who own its stock, and this rule is not altered by the fact that the greater portion or even the entire issue of stock happens to be held by one person.

*Contract—Breach—Measure of damages—Damages—Profits.*

6. The measure of damages for the wrongful cancellation of an exclusive sales agency contract, is the value of the contract at the time of the breach, and if it reasonably appears that profits would be realized, if the contract were carried out, and that the loss of

such benefits necessarily followed the breach, their amount may constitute the true measure of damages.

7. The amount of such profits are necessarily uncertain, and the law does not require absolute certainty of data upon which they are estimated; all that is required is such reasonable certainty that damages may not be based merely upon speculation and conjecture.

Argued March 10, 1919.   Appeal, No. 205, Jan. T., 1919, by defendant, from judgment of C. P. Northampton Co., June T., 1917, No. 77, on verdict for plaintiff in case of George C. Macan, Jr., v. Scandinavia Belting Co. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ.   Affirmed.

Assumpsit in foreign attachment for breach of contract.   Before STEWART, P. J.

At the trial defendant presented these points, inter alia:

5. The measure of damages claimed by the plaintiff is the value of the contract at the time of its alleged breach. Such damages are necessarily based on the loss of future unearned profits and are therefore, in view of the terms and conditions of the contract, so speculative in character and dependent upon commercial and changing contingencies that their amount cannot be ascertained and determined with any reasonable degree of certainty, and therefore cannot be recovered.   Answer: Refused.   (1)

9. George C. Macan, Jr., the plaintiff herein, is estopped in the present suit from showing his individual ownership in or title to the contract of May 1, 1912, exhibited with and made part of his statement of cause of action, for the reason that heretofore subsequent to May 1, 1914, the date of the cancellation by the Scandinavia Belting Co. of said contract, the Scandinavia Belting Co. brought two suits in this court, Nos. 7 and 18, September Term, 1914, against the Macan Jr. Company, a corporation in which the said George C. Macan, Jr., was the principal stockholder and president of the corpora-

tion. In said two suits which were tried together, the
defendant corporation pleaded a counterclaim for dam-
ages based upon the alleged unlawful cancellation by the
Scandinavia Belting Company of the same identical con-
tract of May 1, 1912, which pleading of counterclaim
was sworn to by the said George C. Macan, Jr., and he
testified at the trial of the issues that the said contract
belonged to the corporation, the Macan Jr. Company,
and insisted by his counsel in the argument of the issues
before the court and jury that the Macan Jr. Company
(the corporation) was the owner of the contract and was
entitled to damages for its alleged unlawful cancellation
by the Scandinavia Belting Company. The verdict and
judgment were in favor of the Scandinavia Belting Com-
pany. The present suit involves the same subject-matter.
George C. Macan, Jr., cannot now be permitted to show
a title to said contract different from that he formerly
averred. He cannot maintain the present suit. Answer:
Refused. (2)

10. Heretofore, subsequent to May 1, 1914, the date
when the Scandinavia Belting Company cancelled the
contract of May 1, 1912, exhibited by George C. Macan,
Jr., as part of his statement of cause of action in the
present suit, the said Scandinavia Belting Company
brought two suits in this court, Nos. 7 and 18, September
Term, 1914, against the Macan Jr. Company, a corpora-
tion in which the said George C. Macan, Jr., was the
principal stockholder and president of the corporation.
In said two suits which were tried together, the defendant
corporation pleaded a counterclaim for damages based
upon the alleged unlawful cancellation by the Scandi-
navia Belting Company of the same identical contract of
May 1, 1912. The issues of law and fact thereupon aris-
ing were duly tried by the court and jury, and resulted
in a verdict and judgment in favor of the Scandinavia
Belting Company and against the Macan Jr. Company;
and upon appeal by the Macan Jr. Company to the Su-
preme Court of Pennsylvania, the judgment of the court

below in favor of the Scandinavia Belting Company was sustained and all the assignments of error by the Macan Jr. Company overruled. In the trial of the issues arising upon the said plea of counterclaim, George C. Macan, Jr., testified and insisted that the said contract of May 1, 1912, belonged to the Macan Jr. Company although it stood in his individual name, and that the Macan Jr. Company was entitled to recover damages for the alleged unlawful cancellation of the contract by the Scandinavia Belting Company. Whether or not the Macan Jr. Company suffered damages was the issue arising under the said plea of counterclaim.

George C. Macan, Jr., is concluded by the judgment in the said two actions by the Scandinavia Belting Company against the Macan Jr. Company. The issue arising under the plea of counterclaim is the same question presented by the pleadings in the present action by George C. Macan, Jr., against the Scandinavia Belting Company. His individual rights, whatever they might be, growing out of the alleged breach of the contract of May 1, 1912, have already been judicially determined. He was an interested party in that proceeding as principal stockholder in the defendant corporation. He cannot now reopen the question, it is res adjudicata. Answer: Refused. (3)

11. Under all the law and the evidence in the case, the verdict must be for the defendant. Answer: Refused. (4)

The court charged the jury in part as follows:

[Now I shall say to you that so far as that first case is concerned, so far as the legal effect of it in this case is concerned, it establishes the fact that this contract does not belong to the Macan corporation, that is what the effect of the verdict of the other jury was, that it was George Macan's contract individually and not the Macan corporation's contract. So do not spend any time discussing that matter; put the responsibility on me and take it from the court that we are now trying this case of

George Macan as the owner of the contract against the Scandinavia Belting Company.]   (5)

Verdict and judgment for plaintiff for $5,000.   Defendant appealed.

*Errors assigned,* among others, were (1-5) above instructions quoting them and (8) in overruling motion for judgment for defendant n. o. v.

*Robert A. Stotz,* with him *F. W. Edgar,* for appellant. —The case was res judicata by the former suit: Scandinavia Belting Co. v. Macan Jr. Co., 258 Pa. 261; Leh v. D., L. & W. R. R. Co., 30 Pa. Superior Ct. 396; Garber v. Doersom, 117 Pa. 162; Nernst Lamp Co. v. Hill, 243 Pa. 448.

While, of course, Macan as an individual is not the same person, in contemplation of law, as his corporation, he is without the shadow of doubt the active party in both suits.   He ought not to be permitted under a mere subterfuge to litigate the same question a second time: Northern Securities Case, 193 U. S. 200; Taylor v. Cornelius, 60 Pa. 187; Peterson v. Lothrop, 34 Pa. 223.

The measure of the plaintiff's damages, if he is entitled to recover at all, is the "value of the contract at the time of its breach": Howard v. Stillwell & B. Mfg. Co., 139 U. S. 199; Hunt v. Gilmore, 59 Pa. 450.

*Aaron Goldsmith,* with him *Kirkpatrick & Maxwell.*— The following cases have direct bearing upon the doctrine of res adjudicata to the facts of this case: Carmony v. Hoober, 5 Pa. 305; Weigley v. Coffman, 144 Pa. 489; Grubb's App., 62 Pa. 252; Hartman v. Pittsburgh Inclined Plane Co., 23 Pa. Superior Ct. 360; Walker v. City of Phila., 195 Pa. 168; Funk v. Young, 254 Pa. 548; Rhawn v. Edge Hill Furnace Co., 201 Pa. 637; Monongahela Bridge Co. v. Pittsburgh & Birmingham Traction Company, 196 Pa. 25; Bidwell v. Pittsburgh, etc., Ry.

Co., 114 Pa. 535; Goetz's Est., 236 Pa. 630; Becker v. Phila., 217 Pa. 344; Hess v. Vinton Colliery Co., 255 Pa. 79.

The instruction as to the damages was proper: Commercial Credit Co. v. Girard Natl. Bank, 246 Pa. 88; Press Pub. Co. v. Reading News Agency, 44 Pa. Superior Ct. 428; Pittsburgh Gauge Co. v. Ashton Valve Co., 184 Pa. 36; Wilson v. Wernwag, 217 Pa. 82; Singer Mfg. Co. v. Christian, 211 Pa. 534; Clyde Coal Co. v. Lake Erie, etc., R. R. Co., 226 Pa. 391.

OPINION BY MR. JUSTICE FRAZER, April 21, 1919:

A judgment was entered on a verdict for plaintiff in a suit to recover damages for breach of an exclusive sales-agency contract, and defendant appeals. The defenses were (1) the contract was rightfully terminated because plaintiff failed to perform his part; (2) plaintiff transferred, or assigned, the contract to a corporation known as the Macan Jr. Company, of which plaintiff was president and a stockholder, and if a right to damages accrued they belonged to the company and not to plaintiff; and (3) the question involving the merits of the claim were determined in favor of the present defendant in a former proceeding between defendant and the Macan Jr. Company, a corporation (258 Pa. 266).

The contract in question was entered into in 1912 between plaintiff individually and the Scandinavia Belting Company, whereby the former was given the exclusive right to sell belting for the latter in certain designated territory, there being a provision that the agreement should continue in force "while the agent does an annual total sale of $40,000." The contract was turned over to the Macan Jr. Company, a corporation formed by plaintiff with others, and business transacted thereunder until May 1, 1914, at which time defendant rescinded the contract, alleging as reason for such action failure of the agent to sell the required amount of belting and that he had dealt in other brands of textile belting, contrary to

the terms of the agreement. At that time a balance was due the Scandinavia Company on a book account for belting purchased, and suit was instituted against the Macan Jr. Company to collect the unpaid amount, to which a counterclaim was interposed for damages, based on alleged wrongful rescission of the contract. The answer of the Scandinavia Company was that George C. Macan, Jr., individually, was the owner of the contract and not the Macan Jr. Company, consequently there could be no setoff by the company for damages for breach of its terms. The trial judge charged the jury they must be satisfied the Macan Jr. Company was the assignee and owner of the contract, otherwise they need not consider the case further, so far as the set-off was concerned, and if they found the agreement had not been assigned to the corporation a verdict in favor of plaintiff should be returned, the amount of its claim being admitted. The jury found for plaintiff with the statement attached to the verdict that defendant's claim was disallowed for the reason they did not believe the Macan Jr. Company was the owner of the contract. The court struck out this part of the finding and entered a verdict generally for plaintiff. The present action by Macan individually for damages for breach of the contract followed the termination of that case, and it is now contended the former proceeding is conclusive as to the merits of the controversy, and further that plaintiff, by his testimony in that case in which he stated the contract had been assigned to the Macan Jr. Company, was estopped from taking a position in this proceeding inconsistent with his contention there.

It will be observed, in the first place, the parties to this action are not the same as in the former proceeding. Macan is here suing in his individual capacity, while the previous action was against the Macan Jr. Company, a corporation. Although Macan was a large stockholder in the company, this fact did not make him a party to the action within the rule requiring, inter

alia, identity of parties to make a judgment in one proceeding res judicata in another. A corporation has a separate entity or existence, irrespective of the persons who own its stock, and this rule is not altered by the fact that the greater portion or even the entire issue of stock happens to be held by one person: Monongahela Bridge Co. v. Pittsburgh, etc., Traction Co., 196 Pa. 25; Rhawn v. Edge Hill Furnace Co., 201 Pa. 637; Kendall v. Klapperthal Co., 202 Pa. 596; Goetz's Est., 236 Pa. 630. Further, it does not appear that the merits of the case, that is, whether or not there was in fact a wrongful breach of the contract by defendant, were adjudicated in the first proceeding. The finding of the jury in that case, in view of the statement attached to the verdict and stricken out by the court below, indicates the merits of the case were not considered by them in that proceeding, but, on the contrary, their conclusion was based on the ground that in their opinion the Macan Jr. Company was not the assignee or owner of the contract; to establish this result, consideration of the record in that case was proper: Follansbee v. Walker, 74 Pa. 306; Weigley v. Coffman, 144 Pa. 489; Pittsburgh Constr. Co. v. West Side Belt R. R., 227 Pa. 90.

The fact that plaintiff testified in the previous proceeding to having transferred the contract to the Macan Jr. Company does not estop him from taking a contrary position in the present action. Apparently he intended to make such assignment, and fully believed he had made a valid transfer and vested in the Macan Jr. Company full power to exercise all rights and privileges under the agreement. The verdict of the jury in the action against the corporation, however, established he was mistaken in this and that, in fact, no valid transfer had been made. His acceptance of the verdict and judgment as binding upon him and subsequent treatment of the contract as his own should not subject him to criticism. His present attitude is consistent with the law as laid down in that case where his testimony was in harmony with his

action in making what he believed to be a valid assignment of the contract to the corporation. Defendant in the present case, rather than plaintiff, might justly be accused of taking inconsistent positions, inasmuch as in the other case the defense to the set-off was that no transfer of the contract had been made and any rights therein must be enforced by the present plaintiff. The court and jury having agreed with this view, defendant is not now in a position to escape liability under the contract by taking a position contrary not only to its previous contention, but also in opposition to the view of the court in sustaining such contention. Furthermore, the mere fact that plaintiff testified as a witness in the former action does not estop him, if he sees fit, from now taking a position contrary to his statement made in that case. The record of the other proceeding is not received in evidence on the theory that it conclusively establishes the facts testified to by the witness, so as to constitute an estoppel, but only as evidence of a declaration or admission by the witness that the facts were as stated, and affects merely his credibility: Becker v. Phila., 217 Pa. 344; Hess v. Vinton Colliery Co., 255 Pa. 78.

Defendant finally argues that the damages suffered by plaintiff are speculative and uncertain to such extent they cannot form the basis of a finding in favor of plaintiff. The measure of damages in a case of this class is the value of the contract at the time of its breach, and if it reasonably appears that profits would be realized if the contract were carried out, and that the loss of such benefits necessarily followed the breach, their amount may constitute the true measure of damages: Wilson v. Wernwag, 217 Pa. 82; Press Pub. Co. v. Reading News Agency, 44 Pa. Superior Ct. 428; and it has been held that where an agent agreed to sell his principal's goods within a certain district for a fixed period and before the expiration of the time the principal declared the contract at an end without sufficient cause, the agent may show the extent and volume of the business done in the terri-

tory under both his agency and that of his successor as bearing upon the question of damages: Pittsburgh Gauge Co. v. Ashton Valve Co., 184 Pa. 36. The contract in this case provides it should remain in force so long as the agent's sales amount to the sum of $40,000 annually. Whether sales were made to this extent is one of the issues the jury found in favor of plaintiff and the only question, so far as the measure of damages is concerned, is whether there was evidence upon which a finding of damages could reasonably be based. Defendant admits the gross profits made from sales in the territory included in the agreement, covered by the years 1914 to 1917 inclusive, were approximately $5,000 a year on a total average sale of $43,267 annually. Out of this amount the evidence shows salesmen were paid $3,000, and for traveling expenses $2,000, which latter amount, plaintiff claimed, would have gone to him. Plaintiff testified that in 1912 he made a profit of $7,000 on gross sales of $34,679.67 and in the following year a profit of $6,663.03 and that the cost to him of doing business was comparatively small as the belting was handled in connection with the sale of other mill supplies to the same customers. The verdict was conservative under the evidence, and while, in the nature of the case, the amount of profits was necessarily uncertain, the law does not require absolute certainty of data upon which they are to be estimated. All that is required is such reasonable certainty that damages may not be based merely upon speculation and conjecture: Wilson v. Wernwag, supra; Hillsdale Coal & Coke Co. v. Penna. R. R. Co., 229 Pa. 61, 68.

The judgment is affirmed.