**AGITAIR PRODUCTS CORP. v. F. C. CASTELLI CO. (two cases).**

Nos. 10595, 10597.

United States Court of Appeals
Third Circuit.

Argued March 6, 1952.

Decided April 23, 1952.

LeRoy Comanor, Philadelphia (Edward Davis, Philadelphia, Pa., on the brief), for Agitair Products Corp.

Walter B. Gibbons, Philadelphia, Pa., for F. C. Castelli Co.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

Plaintiff, Agitair Products Corporation, a Delaware company, sued the defendant, F. C. Castelli Company, a Pennsylvania corporation, in the District Court for the Eastern District of Pennsylvania. The basis of the suit is breach of an exclusive agency contract given to the plaintiff as agent to sell kerosene stoves manufactured by the defendant. The district court found for the plaintiff in the sum of $5,000. Both parties have appealed.

All the operative facts had their setting in Pennsylvania. The district judge wrote two opinions, one having to do with the existence and breach of the contract and the other with the question of the amount of damages to be recovered. In them he recognized the rule that the Pennsylvania decisions governed such propositions of law as were involved and he cited the Pennsylvania cases on which he relied.

The defendant argued below and again argued here that there was no contract entered into between the parties; that even if there were a contract the plaintiff gained by the fact the defendant broke it, because plaintiff was losing money in performing it; finally, said the defendant, the plaintiff is liable to it for misrepresentation.

The opinion of the district judge upon the question of existence and breach of the contract was so well considered and complete that we find nothing to add. He found that "both parties considered that a business relationship between them had been created and that it was a relationship having substance and continuity and involving definite and binding commitments on each side, not so transitory as to be terminable by either party before the other had had at least an opportunity to gain some measure of profit or advantage from it."

He also found that it was the intention of the parties that the exclusive sales contract continue for a reasonable time and he found that one year was, under the circumstances, a reasonable time.

He reached these conclusions upon examination of all the evidence in the case. This consisted both of the oral testimony

of witnesses and a great deal of correspondence between the parties. There was sharp conflict in the testimony, naturally. We are satisfied with the conclusion reached on this phase of the case by the trial judge.

The plaintiff's appeal is based upon alleged error in the award of damages given it. It started out with a suggestion in its complaint that its damages amounted to about $250,000. By the time that the hearing on proof of damages was held, this amount had got down to $19,811.70. The trial judge sliced the claim still further. He found that $5,000 represented the fair value of the contract at the time of the breach.

There is no difference between the parties and the court upon the legal rule which governs. They all agree that the measure of damages is the value of the contract at the time of the breach. All cite Macan v. Scandinavia Belting Co., 1919, 264 Pa. 384, 107 A. 750, 5 A.L.R. 1502 and Albright v. Kalbitzer, D.C.E.D.Pa.1945, 62 F.Supp. 815.

Plaintiff submitted a rather elaborate exhibit in which various items such as income and expense statement, sales summary, expense summary and so on are listed. This exhibit formed the basis for the $19,000 claim.

But we think the trial judge was right in finding the plaintiff's estimate too optimistic. It had, by its own evidence, only one man selling stoves during the period of the agency. In six months he had managed to sell only 19,611 stoves.

After the defendant had discontinued the plaintiff's exclusive agency and set up its own sales organization, in six months it sold 41,656 stoves. But it had seventeen men selling them. The plaintiff likes to think it would have sold as many stoves in the second six months period as the defendant did. But it also likes to figure that its selling expenses for the additional sales would not have run above the selling expenses for the smaller number of stoves sold by it in the first months of the contract.

Not only that, but some of its testimony as to expenses was severely pounded on cross-examination. The trial judge could well have concluded that the plaintiff was unduly high in its estimate of what it could have done during the remaining life of the contract and unduly low in figuring what the cost of doing it would be.

 In these cases the rule has long been settled that perfect mathematical certainty is not required. From the breach of contract the court has concluded that the plaintiff has suffered some damage. The measure by which that damage is to be ascertained is agreed upon, as already shown, by all parties. The application of the rule to the testimony was a fact finding job. We are convinced that it was done without error.

The judgment of the district court will be affirmed.