**UEBERSEE FINANZ–KORPORATION, A. G. LIESTAL, SWITZER-LAND et al.**

v.

**BROWNELL, Atty. Gen. et al.**

Civ. No. 26453.

United States District Court
District of Columbia.

May 28, 1954.

See also, D.C., 116 F.Supp. 145.

Arnold, Fortas & Porter and Thurman Arnold, Washington, D. C., Edward J. Ennis, New York City, for plaintiff-intervener.

Dallas S. Townsend, Asst. Atty. Gen., James S. Hill, Walter T. Nolte, Myron C. Baum, Washington, D. C., for defendant.

LAWS, Chief Judge.

In this case, suit was originally brought by a corporation organized under the laws of Switzerland to recover shares of stock of American corporations vested by the Alien Property Custodian in 1942 under Section 5(b) of the Trading With the Enemy Act of 1917, 40 Stat. 411, as amended by the First War Powers Act of 1941, 55 Stat. 839, 50 U.S.C.A. Appendix, § 5(b). The suit was dismissed on the pleadings. On appeal, the Supreme Court of the United States held that the amendment of 1941 authorized the Custodian to seize and vest in himself all property of any foreign country or nation, but this did not deprive friendly or neutral nations or nationals of a right to have their assets returned if they could prove they were free of open or concealed enemy taint. Clark v. Uebersee Finanz-Korporation, 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 88.

The case then was tried on the question whether the plaintiff corporation was owned or controlled by enemy na-

tionals or did business within enemy territory so as to establish enemy taint. Plaintiff claimed that its stock was owned and controlled by Fritz von Opel, a naturalized citizen of Liechtenstein and therefore a neutral. The Government's case was based on the contentions: (1) Fritz von Opel had at most bare legal title to the shares of the corporation, and that the corporation was owned, managed and dominated by his parents Wilhelm and Marta von Opel, residents and nationals of Germany and enemies under the Act; (2) Fritz von Opel was himself an enemy; and (3) plaintiff corporation was doing business within enemy territory.

After an extended trial, this Court denied recovery. It held that a gift agreement of October 5, 1931, between Wilhelm and Marta von Opel and Fritz von Opel passed to the son legal title of property which later was converted into shares of plaintiff corporation, but that this agreement created a valid usufruct in the parents which gave them *in rem* rights. The indirect ownership and control of the corporation which the Court found was exercised by the parents constituted enemy taint and barred recovery. The Court also found that the circumstances under which Fritz von Opel acquired citizenship in Liechtenstein, his attachment to and sympathy for Germany, and plaintiff's ownership of a subsidiary corporation in Hungary which mined bauxite for the benefit of Germany were further evidence of enemy taint. Uebersee Finanz-Korporation v. Clark, D.C., 82 F.Supp. 602.

The judgment for defendant was affirmed by the United States Court of Appeals for the District of Columbia Circuit, Uebersee Finanz-Korporation, A. G., v. McGrath, 89 U.S.App.D.C. 167, 196 F.2d 557, and by the Supreme Court of the United States, Id., 343 U.S. 205, 72 S.Ct. 618, 96 L.Ed. 888. The Supreme Court, however, vacated the judgment and remanded the cause for consideration in the light of its holding that same day in Kaufman v. Societe Internationale Pour Participations Industrielles et Commerciales, S. A., 1952, 343 U.S. 156, 72 S.Ct. 611, 96 L.Ed. 853, as it might apply to any claim which might be made within thirty days on behalf of Fritz von Opel individually.

Fritz von Opel filed suit as intervener plaintiff within the designated time. The Court also permitted the Frima Trust Establishment of Vaduz, Liechtenstein, Hans Frankenberg, Eugen Meier and Adolph Gaeng to intervene as parties defendant so that a determination of all rights in the property, beneficial and legal, at the time of vesting might be made.

The Government has now moved for an order declaring inadmissible additional evidence sought to be adduced by Fritz von Opel, maintaining that such evidence relates to issues previously litigated and determined so that the issues are *res judicata* as to him. Intervener plaintiff has moved for an order directing the issuance of letters rogatory to take certain depositions upon oral examination in Zurich, Switzerland, dependent on the Court's disposition of the Government's motion.

In Kaufman v. Societe Internationale, supra, the Supreme Court decided that innocent nonenemy stockholders of a nonenemy corporation have a severable interest in corporate assets seized by the Custodian proportionate to their stock holdings which must be fully protected. There can be no question but that at the previous trial the alleged nonenemy status of Fritz von Opel was an essential element of plaintiff's proof and was vigorously contested. Voluminous evidence directed to that question was introduced and was considered by the Court in its determination that the circumstances surrounding Fritz von Opel's acquisition of citizenship in Liechtenstein and his attachment to and sympathy for Germany were evidence of plaintiff corporation's enemy taint.

But since the Supreme Court remanded the cause for consideration of any application that might be made on behalf of Fritz von Opel, it appears the record

in respect of any claim to be made by him was not considered complete. This view is reinforced by the refusal of this Court to consider a claim presented at the conclusion of the trial of plaintiff corporation's claim that Fritz von Opel had a well defined separate interest which entitled him to recover to the extent of such interest, nonwithstanding any finding the Court might make of a usufruct interest in favor of his parents. The Court said:

> " * * * No such claim is made by the pleadings. This suit was not brought by Fritz von Opel upon a claim of division of interests which he held together with his parents, but was brought by a corporation of Switzerland which claimed to be entitled to a return of the vested American securities, based upon a claim that Wilhelm and Marta von Opel held no interest 'directly or indirectly, in whole or in part', in the properties. * * * Without consent of the defendant, the Court should not at this late time adjudicate an issue where the interest sought to be established is different from that set forth in the pleadings and where the party plaintiff also is different. Defendant may well desire to present other factual information and develop legal arguments which only partially have been made in this case."

Now that a separate claim is formally made by Fritz von Opel, it is appropriate to decide to what extent issues governing the disposition of intervener's application have been litigated and decided by the Court's previous decision.

The principal issues raised by the pleadings, in addition to the question of *res judicata* now before the Court on motion, are (1) whether intervener was an enemy or ally of an enemy within the meaning of the Trading With the Enemy Act, as amended; and (2) if not, what part if any of the vested property may he recover.

Although the Court made findings that intervener since 1939 was a naturalized citizen of Liechtenstein, and as to the circumstances under which such citizenship was acquired, no final determination was made of his enemy or non-enemy status as an individual claimant under the Act. Since the Supreme Court has held this case open to have decided the facts and the law with regard to Fritz von Opel's individual status, and since previous findings of Fritz von Opel's interest, attachment and sympathy for Germany were considered only as they related to plaintiff corporation's enemy taint, and were not specified, measured or evaluated as they might relate to intervener's innocence or enemy status, it seems proper to receive additional factual information and hear legal argument substantially along the following lines: (1) whether full faith and credit must be accorded Fritz von Opel's acquisition of citizenship in the neutral principality, or whether the Court may go behind the act of naturalization to determine its good faith and binding effect; (2) whether the naturalization process was completed, in view of his failure to take an oath of allegiance and to renounce his German citizenship; and (3) whether naturalization in Liechtenstein operated to strip him of his German nationality or whether it created a dual citizenship. See Von Zedtwitz v. Sutherland, 1928, 58 App.D.C. 153, 26 F.2d 525. It may also be pertinent to inquire whether Fritz von Opel thereafter represented and considered himself as a German national, whether he returned to Germany from time to time for visits, and what were his activities, associations and sympathies, and his ties to his native country, as indicative of intent in this regard. See Ruoff v. Brownell, D.C.D.C.1953, 14 F.R.D. 371.

The decisions of the Supreme Court in this case and in Kaufman v. Societe Internationale, supra, did not deal with the question whether the term "enemy" within the meaning of the Trading With the Enemy Act includes enemy

taint as applied to individual stockholders. A determination of this should be made after opportunity to establish a complete record has been given. This is especially true in the present case in order that, after almost ten years' litigation, all applicable questions may be finally terminated without the necessity for further proceedings. Accordingly, while at this time the Court does not decide whether or not recovery may be barred by enemy taint of Fritz von Opel, if found to exist notwithstanding his steps to become a citizen of Liechtenstein, further evidence will be permitted to be adduced on this point and the Court will make findings upon such evidence. If on appeal the findings are not governing, they may be disregarded; if they are, a further trial need not be held.

In the event Fritz von Opel is found entitled to prevail in this case, it will be necessary to determine the value of his interest. The Supreme Court has affirmed the findings of this Court that Fritz von Opel had bare legal title to the stock and the right to receive 20% of the income from the usufruct property. The United States Court of Appeals for the District of Columbia Circuit has held this was a contract right, not a right *in rem*, to receive from his parents 20% of the dividends and interest received by them. This Court also made findings as to his rights and interests dependent upon survivorship. Intervener maintains he is entitled to a return of all the vested property except possibly 20% of the income earned and accumulated during the life of his mother, or all the vested assets and 20% of the accumulated dividends. Defendant contends intervener has no interest in the vested property other than a bare legal title which is insufficient to support a recovery. Additional evidence will be received in order that the Court may determine the value of the interest of Fritz von Opel, if any, that he seeks to recover.

▋▋ The final question to be resolved at this time is whether additional evidence may be adduced on other questions sought to be raised by intervener, or whether those questions are barred by the doctrine of *res judicata*. Intervener contends the doctrine is not applicable because (1) there is no final judgment in respect of Fritz von Opel; (2) a judgment against a corporation is not binding on a controlling stockholder individually; and (3) the issues are different. One who is not a party but who is in privity with the parties in an action terminating in a valid judgment may be bound by and entitled to the benefits of the rules of *res judicata*. Restatement of Judgments, § 83. The test of privity is whether he participated in control of an action, individually or in cooperation with others, to establish and protect some proprietary or financial interest of his own. Souffront v. La Compagnie des Sucreries de Porto Rico, 1910, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846; Buzard v. Helvering, 1935, 64 App.D.C. 268, 77 F.2d 391; Restatement of Judgments, § 84, and comment e. Although the judgment was vacated for the Court to give consideration to any application made on behalf of Fritz von Opel, in all other respects the judgment was affirmed. The decision of this Court, therefore, is binding on Fritz von Opel in respect of all issues which have been litigated and determined, insofar as he was in privity with the corporation as to those issues.

▋ Plaintiff intervener argues privity did not exist, since an individually stockholder is not barred from litigating issues involved in his personal cause of action simply because the same or similar issues may have been litigated in the corporation's prior action, citing Hornstein v. Kramer Bros. Freight Lines, 3 Cir., 1943, 133 F.2d 143; Macan v. Scandinavia Belting Co., 1919, 264 Pa. 384, 107 A. 750, 5 A.L.R. 1502; cf. American Range Lines v. Commissioner, 2 Cir., 1952, 200 F.2d 844. This is true where the corporation is treated as a separate entity or existence irrespective of the persons owning the stock. The basis of a suit by innocent

stockholders in an enemy-tainted corporation under the Trading With the Enemy Act, however, is that the corporate veil can be pierced to determine all interests in the corporation; they are permitted to intervene because the corporation cannot or will not adequately represent their interests and the litigation is not subject to their control. The test of privity is control of the litigation and participation therein, and not the degree of control of the party corporation itself. There is no doubt that Fritz von Opel had full control of the litigation of the suit brought by the plaintiff corporation. Not only did he appear as a witness and cooperate in prosecution of the suit, but he retained counsel, assisted in pre-trial and trial proceedings and the motion for a new trial, and authorized prosecution of the appeal as plaintiff's representative. The record shows active control, participation and assistance to protect his asserted proprietary and financial interests. This establishes clearly his privity with plaintiff in the original action. Application of the doctrine depends accordingly upon the identity of issues.

■ Since the suit by way of intervention of Fritz von Opel is a different cause of action, the previous decision operates as an estoppel "only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Cromwell v. Sac County, 1878, 94 U.S. 351, 353, 24 L.Ed. 195, 198; Partmar Corporation v. Paramount Pictures Theatres Corp., 1954, 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. ——; Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. "* * * (A) right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken

as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pac. R. Co. v. United States, 1897, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355, 377; State of Oklahoma v. State of Texas, 1921, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831.

In its previous decision of this suit, the Court said, 82 F.Supp. at page 604: "The evidence presented in this case has extended to many disputed items of fact, but it develops that upon reaching findings as to a limited number of them, this suit may be decided." The Court thus determined that the findings of fact and conclusions of law which it made were the rights, questions, facts and points put in issue which were necessary for its judgment. Fritz von Opel's interest, status and activities were considered insofar as they were necessary to determine that the neutral aspect of ownership in the property sought to be recovered was insignificant. Without spelling out all the facts upon which this conclusion was based, the Supreme Court adopted this finding. Thus this is not a case in which that Court has held one ground sufficient to affirm a judgment and refused or found it unnecessary to consider alternative grounds, but one where this Court refused to reopen the case for consideration of matters outside of the pleadings and now in light of a decision, described as novel by the Supreme Court, the Court in effect is instructed to do so.

■ The Court accordingly concludes that its previous findings and conclusions operate as an estoppel as to all issues framed, without prejudice to the right of either party to offer additional evidence on issues raised supplemental to, but not contradictory of, such determinations.

■ Intervener has moved for an order directing the issuance of letters rogatory to the appropriate judicial authority in Switzerland to take the depositions upon oral examination of two persons residing there. Defendant asserts the issuance of letters rogatory

would be a futile gesture because the existence of certain Swiss secrecy laws would prevent the obtaining of testimony and the production of necessary books and records, and that if such letters are issued no testimony in form admissible in evidence will be obtained because it must be taken in accordance with civil law procedure. Defendant requests in the alternative, if intervener's motion is granted, that intervener be required to advance defendant's necessary expenses for the taking of the depositions and that letters rogatory be issued only if the testimony can be obtained prior to October, 1954.

The Court is of opinion it should not at this time anticipate difficulties in deposition procedures which may prove to be non-existent, and will not prevent the parties from making discovery as an essential part of pre-trial procedure. Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides it is not ground for objection in taking depositions that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. It is assumed that any depositions taken or to be taken that may be offered in evidence will relate to the issues in accordance with this opinion. The Court deems it unnecessary to require that intervener advance defendant's necessary expenses, but will require that intervener give security for all costs and charges that may be adjudged against him on final disposition of the cause as provided by the Code of Laws for the District of Columbia, § 11-1506. The suggestion of defendant that the time for obtaining depositions upon letters rogatory be limited appears reasonable to prevent undue further delay in the disposition of the cause and the Court will require the depositions to be completed and filed by October 15, 1954.

The Court accordingly will grant defendant's motion for an order to declare inadmissible upon trial any depositions, testimony or other evidence to be offered which tend to contradict or vary the findings of fact and conclusions of law hitherto entered. Either party may offer additional evidence to supplement such findings and conclusions on the issues of (1) enemy status; (2) enemy taint; and (3) the value of intervener's severable interest. No other evidence may be introduced.

The Court will grant intervener plaintiff's motion for an order directing the issuance of letters rogatory to take certain depositions upon oral examination, provided that within thirty days security shall be given for all costs and charges, and that the taking of the depositions should be completed on or before the fifteenth day of October, 1954.