## GILL AND DUFFUS SERVICES, INC., Appellant,

### v.

### A. M. NURAL ISLAM, et al.

### No. 81–2087.

United States Court of Appeals, District of Columbia Circuit.

Argued March 15, 1982.

Decided April 13, 1982.

Ernest G. Reeves, with whom W. Peyton George, Jr., Washington, D. C., was on the brief, for appellant.

Wayne H. Rusch, Washington, D. C., with whom Henry A. Berliner, Jr., Washington, D. C., was on the brief, for appellees.

Before MacKINNON, MIKVA and GINSBURG, Circuit Judges.

Opinion filed PER CURIAM.

PER CURIAM:

Appellant claims a loss suffered as a result of the actions of three "associated" persons:  The district court held that under the doctrine of res judicata a judgment *in favor of* appellant against one of those persons, even though unsatisfied, foreclosed a second action against the others.  The district court misperceived preclusion doctrine.  An unsatisfied judgment against one of two or more persons answerable for an injury or on an obligation generally does not bar further litigation.  As a rule, "[t]he rendi-

tion of a judgment against one of two or more persons liable for a loss does not terminate a claim that the injured party may have against any other person who may be liable therefor." Restatement (Second), Judgments § 94 (Tent. Draft No. 3, 1976).[1] We therefore vacate the judgment from which this appeal has been taken.

The appellant, Gill and Duffus Services, Inc., is a commodity securities broker. Appellee A. M. Nural Islam is president and owner of appellee Transcontinental IMEX. In July 1980, Islam arranged for the opening of an account with Gill and Duffus in the name of Khalid Hasan, a part-time employee of Transcontinental. The account was actively traded, principally by Islam but on occasion by Hasan. As of December 1980, the account had an alleged deficit balance of $239,035.80. That month, Gill and Duffus sued Hasan for the deficiency in the United States District Court for the Eastern District of Virginia. In May 1981, while the action against Hasan was still pending, Gill and Duffus commenced this diversity action against Islam and Transcontinental in the United States District Court for the District of Columbia.[2] In June 1981, the Virginia action resulted in a judgment for Gill and Duffus, entered in accordance with a jury verdict against Hasan, in the amount of $176,185.80. Shortly thereafter, Islam and Transcontinental moved to dismiss the instant action on a variety of grounds, among them, res judica-

ta. Addressing only the res judicata plea, the district court dismissed the complaint in September 1981. In a brief memorandum, that court stated that Islam and Transcontinental were in "privity" with Hasan and therefore could not be sued by Gill and Duffus. We find this analysis misguided.

As sole authority for its decision, the district court cited *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), a leading case defining the concepts of res judicata (claim preclusion) and collateral estoppel (issue preclusion). *Sunnen* involved the impact of prior adjudication upon subsequent litigation between the same parties; it did not involve any attempt by a nonparty to the first adjudication to invoke that adjudication in another action as a shield against liability. In the course of elaborating preclusion principles, however, the Court used traditional res judicata terminology, "a final judgment on the merits of a cause of action [binds] the parties to the suit and their privies." 333 U.S. at 597, 68 S.Ct. at 719.

■ The term "privity" signifies that the relationship between two or more persons is such that a judgment involving one of them may justly be conclusive upon the others, although those others were not party to the lawsuit. *See* F. James & G. Hazard, Civil Procedure 576 (2d ed. 1977).[3] It is a com-

---

1. As an illustration of the general rule, the Restatement (Second) supplies this example:

   A is the payee of a note for $1,000 executed jointly by B and C. In an action by A against B on the note, C is not joined as a party. B defends on the ground that the obligation was paid, but the court finds that payment was made only to the extent of $300 and enters judgment for A for $700. A may maintain an action against C on the note but his recovery is limited to $700.

   *Id.*, comment b, illustration 3.

2. The complaint in this action alleges that (1) Gill and Duffus is a New York corporation with its principal place of business in New York, (2) Transcontinental IMEX is a District of Columbia corporation with a place of business in the District, (3) Islam is a resident of Maryland and a citizen of Bangladesh with a place of business in the District of Columbia, (4) Hasan is a

citizen of Bangladesh residing in Virginia. Joint Appendix 3, 4. At argument, counsel for Gill and Duffus stated he did not join Islam and Transcontinental in the Virginia action because they were not amenable to service of process in that state. Counsel further stated that not until Hasan testified in the Virginia action was Gill and Duffus alerted to the prospect of a fraud claim against Islam and Transcontinental.

3. This court has described "privity" as an "elusive concept." *Jefferson School of Social Science v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C.Cir.1963). Representative definitions in the circuit include:

   [T]he word ["privity"] designates a person so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.

   *Id.*

pendious term that may mislead more than it enlightens:

> [T]he connections indicated by "privity" ... vary from purely procedural to essentially substantive.... [A] third party may invoke a prior judgment against a present adversary simply on the ground that the adversary was involved in the prior litigation and that judgment *was adverse to him*; no connection need be shown between the third party and the litigants in the prior action. In contrast, many preclusive effects of a judgment are wholly substantive, for example, the rule ... that a successor to property is bound by adjudications involving his predecessor in title.

Restatement (Second), *supra*, Introduction, at 16 (Tent. Draft No. 7, 1980) (emphasis added).[4]

■ Islam and Transcontinental are not in "privity" with Hasan under the traditional definition of the term; they are not persons who "claim[ ] an interest in the subject-matter affected by the judgment *through* or *under* one of the parties, *i.e.,* either by inheritance, succession or purchase." *See* Comment, *Privity and Mutuality in the Doctrine of Res Judicata*, 35 Yale L.J. 607, 608 (1926) (emphasis in original). Decisions cited by Islam and Transcontinental expanding the traditional definition to encompass other relationships do not involve situations such as the one presented here. Rather, they present the question whether it is fair and reasonable to pre-

clude a person, not a party to a prior adjudication, because someone closely connected with that person was *an unsuccessful party* in the prior adjudication. *See, e.g., Astron Industrial Associates, Inc. v. Chrysler Motors Corp.,* 405 F.2d 958 (5th Cir. 1968) (subsidiary corporation's *unsuccessful action* against defendant barred parent corporation from pursuing the same matter against the same defendant); *Crane Boom Life Guard Co. v. Saf-T-Boom Corp.,* 362 F.2d 317 (8th Cir. 1966) (consent decree permanently enjoining defendants from infringing plaintiff's patents barred those in "privity" with defendants from launching an attack upon, and from infringing, plaintiff's patents), *cert. denied,* 386 U.S. 908, 87 S.Ct. 853, 17 L.Ed.2d 782 (1967).

In this light, if Islam and Transcontinental were indeed in "privity" with Hasan, then the judgment Gill and Duffus obtained against Hasan would be binding upon Islam and Transcontinental. The logical terminal point of the "privity" argument, however, would not be to release Islam and Transcontinental. On the contrary, "privity" with Hasan should preclude them from resisting liability to Gill and Duffus for the amount due under the Virginia judgment. In short, the "privity" asserted by Islam and Transcontinental, if it in fact existed, should yield a result precisely opposite the one arrived at by the district court.

Such a result, we believe, would not be fair or reasonable. Islam and Transconti-

---

Privity is clearly established by the identity of cause of action and of interest in the two cases. Privity is "the mutual or successive relationship to the same rights of property." *First Nat'l Bank of Holdenville, Okla. v. Ickes,* 154 F.2d 851, 853 n.9 (D.C.Cir.1946) (quoting 2 Bouvier's Law Dictionary 2722 (3d rev. ed. F. Rawle 1914)).

> The test of privity is whether [a party] participated in control of an action, individually or in cooperation with others, to establish and protect some proprietary or financial interest of his own.

*Uebersee Finanz-Korporation v. Brownell,* 121 F.Supp. 420, 424 (D.D.C.1954).

All these cases presented the question whether a determination *adverse to* a party in a first

action bound a related person in a second action.

4. *See also* F. James & G. Hazard, *supra,* at 575–76:

> [Persons in "privity"] fall into two broad categories. First, a person who is not a party may be concluded when his interests have been represented by another who is authorized to act as a party on his behalf. Second, a person who is not a party may be concluded when his substantive legal right is so defined that it stands or falls according to a judgment involving another who was a party to prior litigation.... ["Privity"] remains useful as a general descriptive term but [it is a word that] must be used with great caution.

nental should not be precluded from fully defending against the claims asserted in the instant action because a person merely "associated" with them, Hasan, was unsuccessful in the prior action; we therefore would not describe the three as "privies." That label, we conclude, is inappropriate to the situation and affiliation before us. The "privity" label was misapplied by the district court and served to impede, not to advance, the proper analysis and adjudication of this case.

Without regard to any notion of "privity," had Gill and Duffus lost the Virginia action against Hasan, Islam and Transcontinental might properly have invoked that defeat to preclude relitigation of issues *decided adversely to* Gill and Duffus. For it is the general rule that a party defeated on the merits in a first action is thereby precluded from relitigating issues raised and necessarily decided in that action. The preclusion operates not only in favor of the opposing party in the first action, it encompasses as well persons who had no part in that adjudication. *See* Restatement (Second), *supra*, § 88 (Tent. Draft No. 2, 1975) (issue preclusion in subsequent litigation with others). But Gill and Duffus *prevailed* in Virginia. Joinder of Islam and Transcontinental in that action was permissive, not mandatory. *See* Fed.R.Civ.P. 20(a).[5] Double recovery is surely foreclosed. *See* Restatement (Second), *supra*, § 94, comment a, at 74 (Tent. Draft No. 3, 1976).

Only one satisfaction may be obtained for a loss that is the subject of two or more judgments. *See id.* § 95(2). Nor may Gill and Duffus try again on an issue, to the extent that it was determined against them in the Virginia action; for example, the amount due on the account was established by the jury verdict to be $176,185.80, not the $239,035.80 demanded in the complaint. *See id.* § 94, comment a, at 74.[6] Further, Gill and Duffus may be precluded from taking inconsistent positions in the two actions. *See id.* at 75. Subject to such constraints, however, the doctrine of res judicata is not a barrier to the maintenance of the Gill and Duffus suit against Islam and Transcontinental.

For the foregoing reasons, the judgment dismissing the case commenced by Gill and Duffus against Islam and Transcontinental is vacated and the case is remanded with directions to reinstate the complaint.

*It is so ordered.*

---

**5.** The district court's approach to this case, however, would substantially erode the distinction between permissive and compulsory joinder.

**6.** *See also* the example set out at *supra* note 1.

The slim record at this stage is inadequate to indicate whether the fraud count stated in the complaint might entitle Gill and Duffus to any sum over the amount of the judgment obtained against Hasan.