463 A.2d 1129

**AMALGAMATED COTTON GARMENT AND ALLIED INDUSTRIES FUND, Appellant,**

v.

**Joseph CAMPOLONG.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1982.

Filed July 22, 1983.

Alan F. Markovitz, Trevose, for appellant.

William C. Kriner, Clearfield, submitted a brief on behalf of appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Judgments were entered in 1979 and 1980 in United States District Court in favor of appellant Amalgamated Cotton Garment and Allied Industries Fund (an insurance trust fund established under a collective bargaining agreement) against Campo Slacks, Inc., pursuant to arbitration awards. Appellant was unable to collect on its judgments, and therefore proceeded to bring an action against Joseph Campolong, an officer of the corporation, the present appellee, under the Wage Payment and Collection Law, Act of

July 14, 1961, P.L. 637, as amended, 43 P.S. § 260.1 et seq.[1] Appellee's preliminary objections raising, *inter alia*, the defense of res judicata[2] were granted by the lower court, and appellant's amended complaint was dismissed by order dated May 15, 1981. The lower court found (although not in specific language) that appellant's claim was barred by res judicata, rejecting appellant's arguments that the doctrine was inapplicable due to the fact that an officer of the corporation rather than the corporate defendant of the federal court actions was involved in the case at bar, and that a different cause of action was involved (one brought under the Pennsylvania statute rather than under the collective bargaining agreement). The lower court reasoned that "[t]o allow this case to continue would in essence allow Plaintiff to recover two judgments for the same monies and Defendant could be forced to pay twice to Plaintiff."[3] We find that the lower court erred in dismissing the complaint.

At the time appellant filed its complaint in federal district court to confirm the arbitration award, it could have requested that the federal court exercise pendent jurisdiction and simultaneously hear the state Wage Payment and Collection Law claim. Although we have not been provided

1. The Act requires (43 P.S. § 260.3(b)) an employer who has agreed to provide fringe benefits to make the requisite payments within ten days after such payments are due, and authorizes (43 P.S. §§ 260.9 and 260.2a) employees or their agents to bring civil suit to recover unpaid benefits. The Act (43 P.S. § 260.2a) defines "employer" to include an officer of a corporation.

2. Under Pa.R.C.P. No. 1030, the defense of res judicata must be pleaded in a responsive pleading under the heading "New Matter". Appellant might have objected to this defense being raised in preliminary objections, but did not do so, and has therefore waived the right to object to it on appeal. *Duquesne Slag Products Co. v. Lench,* 490 Pa. 102, 415 A.2d 53 (1980).

3. The lower court's concern that appellant might be able to collect on both judgments if it were permitted to obtain a judgment against appellee as well as against the corporation was unfounded. Payment by one party liable for a loss reduces the amount that the injured person is entitled to receive from other persons liable for the loss. Restatement, Second, Judgments § 50, Comment c. See *Allegheny City v. McClurkan & Co.,* 14 Pa. 81 (1850); and *Marshall v. The Franklin Bank of Washington,* 25 Pa. 384 (1855).

with copies of the federal court pleadings, it seems apparent that appellant did not make such a request. We are faced with the question of whether such failure to raise the claim should, under the doctrine of res judicata, preclude appellant from now bringing its action in the state court.

One of the requirements of res judicata is that there be identity of parties in both the prior and subsequent actions. *Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72 (1974). In *Macan v. Scandinavia Belting Co.*, 264 Pa. 384, 107 A. 750 (1919), the Scandinavia Belting Company brought an action against the Macan Jr. Company, a corporation, and the latter filed a counterclaim. The jury found for Scandinavia on both the original complaint and on the counterclaim. George C. Macan, Jr., the president and a stockholder of the Macan Jr. Company, then filed suit in his own right against Scandinavia, and received a verdict in his favor. Scandinavia appealed to the Supreme Court, arguing that Macan's claim was barred by the doctrine of res judicata. The Supreme Court found:

> [T]he parties to this action are not the same as in the former proceeding. Macan is here suing in his individual capacity, while the previous action was against the Macan Jr. Company, a corporation. Although Macan was a large stockholder in the company, this fact did not make him a party to the action within the rule requiring, inter alia, identity of parties to make a judgment in one proceeding res judicata in another. A corporation has a separate entity or existence, irrespective of the persons who own its stock, and this rule is not altered by the fact that the greater portion or even the entire issue of stock happens to be held by one person.... 264 Pa. at 390–91, 107 A. 750.

Applying *Macan* to the case before us, we find that appellee Joseph Campolong and Campo Slacks, Inc. were separate entities, and that the doctrine of res judicata therefore does not preclude appellant from now bringing its

action against Joseph Campolong in his capacity as an officer of the corporation.[4]

Order reversed, and case remanded for further proceedings.

4. Because we find that this requirement of res judicata has not been met, it is unnecessary for us to consider appellant's argument that the doctrine does not apply because different causes of action are involved.