**Weil v. Shearson Lehman Brothers Inc.**

*E. Timothy McCullough,* for plaintiffs.
*Foster S. Goldman Jr.,* for defendants.

WETTICK, *A.J.,* June 5, 1989 — Defendant William R. Martin is a stockbroker employed by Shearson Lehman Brothers Inc. Plaintiffs allege that Martin told various clients that he had inside information that a company was about to be acquired and that the price of this company's stock would increase substantially once this information was publicly disclosed. Plaintiffs allege that at the time Martin made these statements, he knew that this information was false.

Plaintiffs purchased this stock. It decreased in value. In this lawsuit, they seek to recover their losses.

Plaintiffs never spoke with Martin. They purchased the stock from someone other than Martin. The basis of their claim against Martin is that they obtained this information from clients of Martin, that Martin disseminated this information to these clients for the purpose of acquiring new clients, and that Martin intended for his clients to pass on this false information to third persons who would make purchases in reliance upon this information as part of a scheme for acquiring new clients.

Defendants have filed motions for summary judgment.

Their first ground for summary judgment is the absence of any duty that defendants owed to plaintiffs. We have previously rejected this argument. On October 20, 1988, we overruled defendants' preliminary objections in the nature of a demurrer as to tort claims based on intentional misrepresentations. In support of our position, we cited sections 531 and 552 of the Restatement (Second) of Torts; *Mill-Mar Inc. v. Statham,* 278 Pa. Super. 296, 420 A.2d 548 (1980); *Torres v. Borzelleca,* 641 F.Supp. 542 (E.D.

Pa. 1986); and *Allstate Insurance Co. v. A. M. Pugh Associates Inc.,* 604 F.Supp. 85, 97-8 (M.D. Pa. 1984). Also see the recent opinion of the Pennsylvania Superior Court in *Woodward v. Dietrich,* 378 Pa. Super. 111, 548 A.2d 301 (1988).

Defendants next contend that these claims are barred by the doctrine of res judicata. This defense is based upon a federal court action which plaintiffs brought against the same defendants. In this federal court action, plaintiffs claimed that the actions of defendants constituted violations of sections 10(b) and 12(2) of the Securities Exchange Commission Act of 1934, 15 U.S.C. §78j(b), Securities Exchange Commission Rule 10b-5, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1962(c). On February 18, 1988, the Honorable Barron P. McCune dismissed these claims pursuant to defendants' motions to dismiss.

Defendants contend that plaintiffs are barred from bringing this tort action because it arises out of the identical transactions upon which they based their federal law claims. Plaintiffs' tort action against defendants could have been brought in the federal court lawsuit under the federal court's pendent jurisdiction. *United Mine Workers of America v. Gibbs,* 383 U.S. 715 (1966); *Eisenberg v. Gagnon,* 766 F.2d 770 (3d Cir. 1985), cert. denied 474 U.S. 946 (1985) (state law count for negligent misrepresentation tried with counts alleging violations of section 10(b), rule 10b-5, and RICO).

In order to minimize the inconvenience and burdens of litigation, to prevent harassment and to economize resources, Pennsylvania law does not permit a party to bring a series of lawsuits arising out of the same transaction against the same defendant. Pa.R.C.P. 1020(d) requires a party to join all causes of action against the same person arising out

of the same transaction or occurrence. Pennsylvania case law bars a plaintiff from bringing additional actions against the same defendant based on different legal theories arising out of the same factual transaction. *Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425 (1968); *Del Turco v. Peoples Home Savings Association*, 329 Pa. Super. 258, 478 A.2d 456 (1984); *Jones v. Costlow*, 354 Pa. 245, 47 A.2d 259 (1946); *Simodejka v. Williams*, 360 Pa. 332, 62 A.2d 17 (1948). Consequently, if plaintiffs had initially brought a claim in state court for damages based on Pennsylvania consumer protection or Pennsylvania securities fraud legislation that resulted in a final judgment either in favor of or against plaintiffs, they would have been barred by the doctrine of res judicata from instituting another action arising out of the same transaction against the same defendants in state court based on state tort law.

The Pennsylvania appellate courts have not addressed the issue of whether a party who fails to request a federal court to exercise pendent jurisdiction over a claim based on state law may subsequently bring an action based on state law in Pennsylvania courts arising out of the same transaction upon which the federal court action was based. See *Amalgamated Cotton Garment and Allied Industries Fund v. Campolong*, 317 Pa. Super. 150, 463 A.2d 1129 (1983).

The reasons for the requirements of Pa.R.C.P. 1020 and Pennsylvania case law, that a party raise all claims arising out of the same transaction in a single action filed in the Pennsylvania courts, are equally applicable when an action is filed in federal court. Consequently, plaintiffs' claim in this lawsuit is barred by the doctrine of res judicata.

This court's ruling is supported by the Restatement (Second) of Judgments §§17, 24 and 25

(1982) which provides that a party who fails to assert a state claim in a federal court action is barred from raising this claim subsequently in the state courts.* It is also the position of Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction §4412 that a plaintiff who has a colorable right to invoke the pendent jurisdiction of the federal court with regard to a state law claim is obligated to attempt to raise this claim and that a plaintiff who fails to do so is precluded from bringing a subsequent state court action.

Also the case law of other jurisdictions almost uniformly requires a party to attempt to join all of his or her claims in one forum (at least where there is reasonable likelihood that the forum will entertain the claim and is capable of providing appropriate relief). This case law is summarized in a well-reasoned opinion by the Supreme Court of Oregon in *Rennie v. Freeway Transport*, 294 Or. 319, 656 P.2d 919 (1982).

In that case plaintiff brought a federal court action which alleged that defendants had violated various federal security laws and regulations. A judgment was entered in defendant's favor. At the same time plaintiff had commenced an action in the Oregon courts alleging a cause of action in common-law fraud. The latter action was based upon the same facts as the federal action, and plaintiff had made no attempt to join the state law claim to the pending federal court action. The Oregon Supreme Court held that the federal court judgment was deemed to have effected a merger or bar of all claims against

---

* "When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground." Section 25, comment e.

defendant available to the plaintiff arising from the transaction upon which the federal claims were based regardless of whether the plaintiff had actually asserted them in that action. The court reached this result in order to promote the policies that supported the Oregon law's prohibition against claim splitting — conservation of judicial resources and the avoidance of unnecessary litigation.

For these reasons we hold that the doctrine of res judicata bars plaintiffs from bringing this action against defendants.

## ORDER OF COURT

On this June 5, 1989, upon consideration of defendants' motions for summary judgment, it is hereby ordered that plaintiffs' complaint is dismissed as to each defendant and that a final judgment is entered in favor of both defendants against plaintiffs.