Plaintiff brought action to recover upon an insurance policy which contained a permanent disability provision in which the defendant, under certain conditions, most of which are not pertinent to this inquiry, agreed to pay certain benefits to the insured upon total and permanent disability arising by bodily injuries or disease.
When other conditions necessary to entitle the insured to benefits *Page 271 
exist — not in controversy here — the policy provides: "In such a case, benefits shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that evidence of such disability satisfactory to the Company is received at its Home Office." The ninety days referred to is a period of time to elapse before the disability can be considered permanent, provided, "satisfactory evidence has not been previously furnished that such disability is permanent."
The plaintiff made and filed his complaint, stating amongst more formal matters the provisions of the policy referred to, and alleged that on or about the first day of January, 1938, while the policy of insurance was still in force and an existing contract between the plaintiff and defendant, and while all the premiums then due the defendant by the plaintiff had been paid, the plaintiff became totally and permanently disabled by bodily injuries or disease, and was thereby prevented from performing any work or conducting any business for profit. In this allegation the plaintiff was following substantially the wording of the contract as theretofore set up in the complaint.
The plaintiff proceeds to allege that he furnished the defendant, at its home office, proof of such total and permanent disability in the manner required by the contract of insurance, and that the plaintiff had done all things required of him by the contract of insurance except such things as the defendant, by its own act or conduct, had waived, and that defendant had failed and refused the plaintiff any part of the stipulated benefit, to wit, $50.00 per month, because of such total and permanent disability. Plaintiff demands payment to him of the sum of $800.00, which he alleges is due him under the contract of insurance, and prays for an order to issue directly to the defendant to pay the plaintiff $50.00 for each calendar month thereafter.
Upon the filing of this complaint the defendant demurred thereto on the ground that it fails to state a constituted cause of action, namely, (a) the plaintiff fails to set out the insurance policy sued on, or a copy thereof, and fails to quote the full relevant provisions thereof; (b) the complaint fails to set out the proof of loss or a copy thereof or to summarize its provisions or give full information relative thereto; (c) the complaint fails to set out the statement of the physician or a copy thereof or to summarize its provisions or give full information relative thereto; and (d) the complaint fails to state other facts sufficient to constitute a cause of action.
This demurrer was heard by Stevens, Jr., Resident Judge of the Sixth Judicial District, on 13 January, 1940, and a consent order was entered requiring the plaintiff to file a copy of the notice and proof of disability referred to in his complaint, as exhibited by an amendment; thereafter, the defendant was allowed thirty days in which to file answer or demurrer. *Page 272 
The amendment to the complaint was filed in apt time and the notice and proof of disability were set up in "paragraph 7A," the complaint alleging that it was the notice and proof of claim forwarded to the defendant.
This document is upon a form supplied by the insurance company and is too long to be printed in this statement. The part thereof pertinent to this appeal relates to the allegations concerning the time at which the total disability supervened.
It appears in the proof of claim that the plaintiff consulted a physician with regard to his ailment on 12 January, 1935; he had an abscess on the neck, with complications, and the date last worked was 12 January, 1935. In this statement he declares that he had been continuously and totally disabled from 12 January, 1935. As to this date, the statement of the physician accompanying the proof of claim is in corroboration.
To the complaint, so amended, the defendant filed a demurrer, in which it points out, amongst other things, that upon the face of the complaint, and fairly considered, it fails to allege any disability commencing on 1 January, 1938, or that proof of such disability has ever been furnished the defendant, and that, therefore no disability benefits have accrued; that neither the proof of claim nor the statements of the physicians mention a disability beginning on 1 January, 1938, but refer entirely to the disability commencing on 12 January, 1935, and are not, therefore, any claim, proof, or evidence of the disability such as is alleged in the complaint.
This demurrer was heard before Hamilton, S. J., presiding at the April Term, 1940, of Wayne County Superior Court, and the demurrer was overruled. To this the defendant excepted.
Thereupon, the defendant made a motion to dismiss, based upon various and sundry suits and judgments thereupon alleged to have been had in the Superior Court of Wayne County, at which, as is asserted in the motion, the claims of the plaintiff, based upon permanent and total disability, had been adjudicated against him and in favor of this defendant. These suits are alleged to cover a large part of the period between 12 January, 1935, when the disability was alleged to have commenced, and the commencement of this action.
This motion came on to be heard at the April Term, 1940, after the demurrer had been overruled, and the judge presiding continued the same, pending appeal. To this defendant excepted.
Upon these two exceptions the present appeal is based.
1. Defendant's appeal from the order continuing its motion to dismiss is premature, since the order disposes of no substantial right. C. S., 638. Moreover, the defendant cannot be hurt by the mere continuance of a motion in which it cannot hope to prevail.
In its motion to dismiss plaintiff's action the defendant merely attempts to assert the conclusiveness of prior judgments supposedly affecting the matters in controversy. Res judicata is an affirmative plea in bar which must be taken by answer and supported by competent evidence. When properly raised, the issue will be determined according to the practice of the Court, but the defense is not available on a motion to dismiss. Williams v. Hutton Bourbonnais Co., 164 N.C. 216,80 S.E. 257; Redmond v. Coffin, 17 N.C. 437; Bear v. Comrs. ofBrunswick County, 124 N.C. 204, 32 S.E. 558. There was no error in continuing this motion.
2. The demurrer points out a variance or discrepancy in the complaint as to the time when plaintiff's total permanent disability began. In paragraph 7 it is alleged to have begun on or about the first day of January, 1938. In the proof of claim set out in paragraph 7A of the amended complaint it is stated to have begun 12 January, 1935.
The discrepancy is not sufficient to defeat recovery and, therefore, not fatal to the complaint. It is sufficient if the total permanent disability, of which notice is alleged, has existed for such a period of time as will entitle the plaintiff to some benefits under the contract of insurance.
Untenable, also, are the other stated grounds of demurrer.
The judgment is
Affirmed.