**HORNSTEIN v. KRAMER BROS. FREIGHT LINES, Inc., et al.**

No. 8101.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 5, 1942.

Decided Jan. 5, 1943.

144

Robert T. McCracken, of Philadelphia, Pa. (C. Russell Phillips, of Philadelphia, Pa., on the brief), for appellant.

Harold E. McCamey, of Pittsburgh, Pa. (H. A. Robinson and Dickie, Robinson & McCamey, all of Pittsburgh, Pa., on the brief), for appellees.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

In June Term, 1940, Frank Hornstein, the plaintiff-appellant here brought an action in Beaver County, Pennsylvania, for personal injuries. The statement of claim alleged that the plaintiff, while driving an automobile owned by Hornstein, Inc., on March 17, 1938, was injured in a collision with a trailer truck driven by the defendant Robert E. Wheeler who was operating the truck as an employee of the other defendant, Kramer Brothers Freight Lines, Inc. It further alleged the negligence of the defendants and the freedom from fault of the plaintiff. This suit was removed to the federal court and an answer filed. Thereafter defendants filed a motion for summary judgment claiming that the plaintiff's claim was res judicata because of two prior suits in the Beaver County, Pennsylvania, court. A stipulation between the parties accompanying the motion stated that in 1939 Hornstein, Inc., sued Kramer Brothers and one Copping, the owner of the trailer truck, for damages to the automobile involved in this same collision. During the same term in the Beaver County court, Copping sued Frank Hornstein, the plaintiff in the case at bar, for damages to the trailer truck. The cases were tried together, and the issues of the negligence of Wheeler and Hornstein submitted to a jury which found against Hornstein, Inc., in its action, and in favor of Copping in his suit against Frank Hornstein. Judgments were entered accordingly after motions for new trials were denied.

The trial judge in the district court granted the motion for summary judgment and the plaintiff has appealed.

The problem may be represented graphically as follows:

Former litigation:

1. Hornstein, Inc. v. { Kramer Brothers Freight Lines, Inc. / Copping

2. Copping v. Hornstein

Present litigation:

Hornstein v. { Kramer Brothers Freight Lines, Inc. / Wheeler

The question is, therefore, whether the present individual plaintiff, Frank Hornstein, is precluded from recovery in the present suit, on principles of res judicata, either by (1) the unsuccessful suit of Hornstein, Inc., against Kramer Brothers and Copping or (2) the successful suit brought by Copping against Frank Hornstein as an individual defendant. The jurisdiction of the federal court is based on diversity of citizenship alone. The operative facts having occurred in Pennsylvania the question is to be answered by Pennsylvania law and the Pennsylvania decisions, so far as applicable, are controlling. Erie R. R. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. See, Restatement, Conflict of Laws (1934) § 450.

The rules of res judicata, so far as they preclude further action by a merging of a plaintiff's claim in his judgment or serve to bar further action against a defendant who has won the first suit, operate only as to the cause of action sued upon. Scott, Collateral Estoppel by Judgment (1942) 56 Harv.L.Rev. 1. The present action is one for personal injuries to Frank Hornstein. This was not the subject matter of the suit by Hornstein, Inc., against Kramer Brothers and Copping which was for injury to the motor vehicle belonging to the corporation. Nor is it the same cause of action as in the suit by Copping against Hornstein, as an individual, which was for Mr. Copping's loss through damage to the trailer truck which belonged to him but which was bailed to Kramer Brothers. The subject matter of this action is, therefore,

different. If the question is settled adversely to the present plaintiff by reason of res judicata it is through the operation of that part of the doctrine described as collateral estoppel.[1] The rule of collateral estoppel may be described as a compromise between the interest of the litigant in pressing his claim and the interest of the public in bringing an end to one man's litigation. Under it one may have his day in court, but only one day, against another.[2] But the rule does not go so far as to make the finding in one man's case in a personal action a conclusion of ultimate truth. A law suit is not a laboratory experiment for the discovery of physical laws of universal application but a means of settling a dispute between litigants. That which is settled as a fact between them through a given piece of litigation under the principles of res judicata, binds only the parties themselves and those who are in such relation to the parties as to be considered in privity with them.[3]

We turn then to the question whether there is such identity of parties or privity among the parties in this suit and in the ones in the Beaver County court as to make the outcome of the latter actions res judicata against the plaintiff in this case. It may be granted that the issues of negligence involved in the Beaver County litigation were, to some extent, at any rate, the same as those involved here. But, from what has been said above, that does not settle this case unless the parties to this litigation are the same as, or in privity with, the parties to the former suits. The defendants urge that Frank Hornstein, the present plaintiff, and Hornstein, Inc., are substantially identical for this purpose.

They point out that Mr. Hornstein was the President, Treasurer and General Manager of the corporation and that, either as trustee or individual owner, he voted the overwhelming majority of the stock.[4] The legal question in this case is not answered by quotations from various decisions, where the facts and the issues were altogether different from those here involved, to the effect that under some circumstances courts will look through the corporate veil to the individuals who are engaged in a given enterprise. However, we think it has been answered, for this case, by both the Supreme Court and the Superior Court of Pennsylvania and that the answer is in favor of the plaintiff and adverse to the defendants' contention. In Macan v. Scandinavia Belting Company, 1919, 264 Pa. 384, 107 A. 750, 5 A.L.R. 1502, it was not only held that majority ownership of corporate shares was insufficient to establish identity between that owner, who was also the corporate president, and the corporation for the purposes of res judicata, but the court went on to say that even ownership of the entire issue of stock would not establish such identity. Directly in point, also, is the Superior Court decision in Philadelphia Auburn-Cord Company v. Shockcor, 1938, 133 Pa.Super. 138, 2 A.2d 501.[5] This case is the converse of the present situation. There the president of the corporation had sued for personal injuries resulting from an accident and had lost. A subsequent action by the corporation for property damage, however, resulted in a verdict for the plaintiff which the Superior Court sustained. It appears from an examination of the briefs in this case that the individual plaintiff was the president and in control of the business of the plaintiff corporation,[6]

---

[1] The tripartite division of res judicata was explained in the opinion of this Court in Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 1941, 120 F.2d 82. See, Restatement, Judgments (1942) Ch. 3, Introductory Note.

[2] Caterpillar Tractor Co. v. International Harvester Co., supra at page 84 of 120 F.2d.

[3] Hatch v. Bartle, 1863, 45 Pa. 166, 84 Am.Dec. 484; Chandler's Appeal, 1882, 100 Pa. 262; Restatement, Judgments (1942) § 93.

[4] The stipulation between the parties states that the plaintiff owned 290 shares, Mrs. Vernie Hornstein 10 shares, and that 919 shares were held in trust for the plaintiff's children, but voted by the

plaintiff as trustee under the trust agreement.

[5] This decision followed that of the Supreme Court in Woodburn v. Pennsylvania Railroad Co., 1928, 294 Pa. 174, 144 A. 93, which held that where two plaintiffs were injured in the same accident the fact that the present plaintiff appeared as a witness for the injured party in another suit did not make the judgment for the defendant in the first suit res judicata in the second, although both actions were against the same defendant. The plaintiffs, as here, were employer and employee, the former suffering injury to its truck, the latter, personal injuries.

[6] He did most of the selling for the corporation and also was in charge of the

thus bringing the facts very close to those involved in the present case.

The defendants rely upon, and the District Court cites for its result, other Pennsylvania cases which we think are clearly distinguishable. Brobston v. Burgess and Town Council of Darby Borough, 1927, 290 Pa. 331, 138 A. 849, 54 A.L.R. 1285, was a suit against the borough for injury sustained in a street accident resulting from an alleged defect in the highway. Plaintiff had already sued the street railway company, whose alleged negligence had created the condition, and lost. The court held that res judicata precluded the plaintiff from now suing the borough. "The plaintiff elected to sue the one ultimately liable, and failed to recover, and he cannot now be permitted to secure judgment against the borough for this identical negligence." (page 337 of 290 Pa., page 851 of 138 A., 54 A.L.R. 1285). The decision is clearly in line with the established authority in its application of res judicata to the indemnitor-indemnitee situation. Restatement, Judgments (1942) § 96(1) (a) and § 99. Balis Bros. v. Latta, 1931, 102 Pa.Super. 66, 156 A. 596 is more troublesome, for language in the opinion seems to permit the identification of a corporation and the individual who was its president and, apparently, its chief officer. However, as the first suit there had been against the corporation which undoubtedly was the one ultimately liable upon the contract made on its behalf, and since the president, if compelled to pay damages for breach of a corporate contract, could recover against the corporation,[7] we think the case is in the same category as Brobston v. Burgess and Town Council of Darby Borough, supra.

Finally, there is Hochman v. Mortgage Finance Corporation, 1927, 289 Pa. 260, 137 A. 252. Plaintiff instituted a shareholder's suit against a corporation and its directors. It appeared that a suit involving the same issues had previously been filed against the corporation alone by another shareholder in which the plaintiff had lost. The present plaintiff along with several others was a party to the agreement under which the first suit had started and the Supreme Court held that he could not now, by bringing a suit in his own name, relitigate questions already passed upon. The result is in accordance with authority in general[8] and the discussion of the point is excellent, but the case involves a different question from the one here presented.

■ Our conclusion is that according to Pennsylvania law there is no identity or privity between Frank Hornstein, the individual plaintiff in this case, and the corporation, Hornstein, Inc., plaintiff in the Beaver County litigation against Kramer Brothers and Copping.

The question remaining is whether there is such privity between Mr. Copping, the bailor of the trailer truck, and Kramer Brothers, the bailees, that Copping's success against Hornstein, defendant in the Beaver County suit, may be availed of under the principles of res judicata by Kramer Brothers in the case at bar.

In some instances the rules of res judicata affect a bailor-bailee-third party situation. Thus, if a bailor at will recovers a judgment against a third party for injury to a chattel in the bailee's hands, the claim is merged in the judgment, and the bailee cannot subsequently sue for this injury. Restatement, Judgments (1942) § 88(2). Assuming that the bailment of the trailer-truck by Copping to Kramer Brothers was a bailment at will, Kramer Brothers could not, under this rule, sue Frank Hornstein to recover damages to the vehicle, since Copping, who had a right to terminate the bailment at any time, had already recovered full damages.[9]

■ But that is not this case. What we must decide here is whether the successful suit by Copping against Hornstein, individually, in which the plaintiff recovered for injuries to his trailor-truck is res judicata against Hornstein when he sues Kra-

---

repair department. At the time of the accident he was on business for the corporation. It was also pointed out that he signed the statement of claims and testified in both suits and that counsel who had represented him also represented the corporation.

[7] 2 Restatement, Agency (1933) § 439.

[8] Restatement, Judgments (1942) §§ 80, 85 and 86, comment e.

[9] Cf. Juniata Acceptance Corporation v. Hoffman, 1940, 139 Pa.Super. 87, 11 A.2d 494, where the bailee under a bailment lease was paid in full for injuries to the bailed chattel by the third person who harmed it. The bailor was not allowed subsequent recovery.

mer Brothers to recover for his personal injuries. The issues in the two suits are not necessarily the same. Copping might have recovered against either Hornstein or Kramer Brothers if they were both negligent regardless of the negligence of the other, since the negligence of a bailee is not imputed to the bailor. 2 Restatement, Torts (1934) § 489; Restatement, Torts, Pa.Annot. (1938) § 489. True, Copping could not have recovered against Hornstein unless the jury had found Hornstein negligent. But that finding cannot be availed of by Kramer Brothers who were not parties to the Copping-Hornstein law suit, unless they and Copping were in such relation as to put them in privity with him. Restatement, Judgments (1942) § 93.

Such is not the case here. Indeed a victory or defeat in an action brought by a bailor for a term against a third person for harm to the chattel does not bar or otherwise affect a subsequent action by the bailee. Restatement, Judgments (1942) § 88(3). It is categorically stated that an adjudication in favor of or against either bailor or bailee in an action brought by a third person is not conclusive in a subsequent action against the other.[10] The statement, we think, declares a sound rule of law. Any privity between bailor and bailee is necessarily based upon their common interest in the bailed chattel, and should be limited to situations where that common interest is involved in the suit. We have not been referred to, nor have we found, any Pennsylvania decision covering this point. In the absence of such local authority we may rely upon a general statement of the law as the "material at hand." The decision upon this point is that Hornstein's suit against Kramer Brothers, bailees, is not concluded against him by the successful prosecution by Copping, the bailor, against Hornstein.

Wheeler appears in this suit for the first time in the litigation arising out of the accident. According to the allegations in the pleadings he was the employee of Kramer Brothers and was acting in the scope of his employment at the time of the collision. If he had first been sued by Hornstein and had successfully defended the action, this might have been availed of by Kramer Brothers under the indemnitor-indemnitee cases above discussed.[11] But the earlier suit was not against Wheeler. Further, it was not brought by Frank Hornstein, but by the corporation, and we have already shown that there was no identity or privity between them. There was nothing in that suit which can in any way bring in res judicata as a defense to Wheeler in the one at bar.

Nor is there any relationship between Wheeler and Copping which can be a basis for the application of the rules of res judicata to the Hornstein suit. If Copping, owner of the trailer-truck, considered that Wheeler and Hornstein had both been negligent in the collision which harmed his property, he was at liberty to sue either one. 2 Restatement, Torts (1934) § 439; Restatement, Torts, Pa. Annot. (1938) § 439. But there being in such situation neither the duty of indemnity nor contribution between Copping and Wheeler, "the rendition of a judgment in an action against two * * * persons liable for a tort, * * * does not affect the claim against the other". Restatement, Judgments (1942) § 94.

There is, therefore, out of the complexity of these three law suits nothing to make the rules of res judicata applicable in the case at bar.

The judgment of the District Court is reversed and the case remanded for proceedings not inconsistent with this opinion.

---

[10] Restatement, Judgments (1942) § 88, comment d. This is subject to exceptions in no way applicable here.

[11] The theory is that the employee is under a duty, theoretically at least, not to act negligently so as to impose liability upon the employer, and if he does, he is under a liability to indemnify the latter for what the employer has been subjected to through the employee's act. 2 Restatement, Agency (1933) §§ 379, 401, comment e; Restatement, Restitution (1937) § 96.