Emanuel WOLF, Appellant,

v.

PAVING SUPPLY AND EQUIPMENT
COMPANY, A Body Corporate,
Appellee.

No. 2360.

Municipal Court of Appeals for the
District of Columbia.

Argued May 4, 1959.

Decided Oct. 1, 1959.

Rehearing Denied Nov. 2, 1959.

Kurt Berlin, Washington, D. C., for appellant.

Wilmer S. Schantz, Jr., Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This appeal is taken from a summary judgment entered against plaintiff-appellant on the ground that his cause was precluded by another case which was res judicata to the present action.

The specific point upon which defendant-appellee moved for judgment was that plaintiff was in privity with the corporate-plaintiff in a previous action, hereinafter discussed, and the finding for defendant foreclosed plaintiff here. The facts supporting the two cases like the party defending them are the same.

In December 1956 plaintiff was driving a vehicle owned by Wolf & Bordow, Incorporated (hereinafter referred to as the corporation), through an intersection of a Washington street. There the vehicle was struck by a truck owned by the Paving Supply and Equipment Company (hereinafter referred to as defendant). The corporation vehicle apparently received extensive damage, and plaintiff alleged that he sustained personal injuries. Defendant admitted operation of the vehicle causing the damage.

On September 16, 1957, the corporation filed suit in the Municipal Court alleging property damages to its vehicle. Defendant denied its own negligence and pleaded contributory negligence on the corporation's part. The record indicates that the case was tried on the merits and judgment was entered for defendant in December 1957.

On September 13, 1957, plaintiff had filed suit in the District Court for the District of Columbia, alleging personal injuries arising from the collision. In this suit, defendant likewise denied its negligence and pleaded contributory negligence. The case was then certified to the Municipal Court.[1] In May 1958, defendant moved for summary judgment, claiming privity between plaintiff and the corporation and that judgment for defendant in the previous suit was conclusive upon plaintiff. The trial court in August 1958 withheld action on that motion and ordered a

> " * * * deposition of · plaintiff Emanuel Wolf to ascertain the relationship, if any, between said Emanuel Wolf and Wolf & Bordow, Inc., plaintiff in Wolf & Bordow, Inc. v. Paving Supply and Equipment Co., a body corporate, * * * including his ownership of capital stock in and control over the activities of said Wolf & Bordow, Inc. * * * "

The record before us discloses that defendant here and defendant in the previous suit, as stated before, are one and the same. Further, plaintiff here was the president of the corporation and instructed its attorney to file the corporation's suit, assisted in the preparation of that case, was present at trial, and testified on the corporation's behalf. Plaintiff was a member of and pre-sided over the board of directors of the corporation and with his wife held forty-five percent of the corporation's stock. On the day of the accident, plaintiff, while holding managerial power in the corporation, was also driving its vehicle. Defendant's motion, in view of this relationship, was granted and judgment entered thereon.

Conflicting views with supporting authority have been urged, but no case precisely in point was presented. A statement of the closely related principles is therefore appropriate. The purpose of res judicata is to give to each issue presented only one trial.[2] The reason behind this rule is that litigation among parties should come to an end.[3] It follows, therefore, and the firmness of this rule obviates reference to supporting authority, that an existing, final judgment upon the merits by a court of competent jurisdiction determines the

1. Code 1951, 11–756 (Supp. VII).

2. Usher v. 1015 N. Street, N. W. Cooperative Association, D.C.Mun.App.1956, 120 A.2d 921, 922.

3. See Baldwin v. Iowa State Traveling Men's Ass'n, 1931, 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244.

rights, facts and questions in issue, between or among the parties and their privies in all other actions in that court or any other court, when rendered without influence of fraud or collusion. This statement, however, takes us only to the edge of the problem for no one challenges that rule: the contention here is its application.

■ Basically, this is raised by the equally well settled proposition, which is logically inherent in the rule itself, that a judgment and the doctrine of res judicata cannot operate upon one not a party nor in privity with a party.[4]

■ The first question to arise then is the argument that plaintiff here was in privity with Wolf & Bordow, Inc., and its suit against this defendant. The concept of privity is one which has not escaped considerable judicial reflection,[5] and we have said it denotes a mutual or successive property right or interest.[6] We feel this contemplates a more direct interest than the facts here bear out.[7] Since there is only a derivative succession of property interest from the corporation to the plaintiff so far as the previous suit for damage was concerned, the rule we announced would be dispositive of the case and turn it without further comment in plaintiff's favor[8]— were it not for his very active participation in the corporation's suit, his relation to it as a large stockholder and officer, and the fact that he personally was involved in the accident which damaged the corporate property.

■ Because plaintiff was so related to the corporation and participated to such an extent in its suit, the trial court felt the judgment against the corporation bound plaintiff also. That is, the degree of contact which plaintiff had with the corporation was so close as to place him in privity with that suit in the sense that he was a person participating in and controlling that action.

This raises the next and final question in the case which is, was plaintiff's relationship with the corporation so close as to place him in privity with the corporate suit, not in the sense of privity by a succession of property interest but in the respect that he controlled the action although not a party to it.[9] Considering the facts of the case, the question may be restated by asking if this plaintiff by causing the corporation to litigate over its property damage foreclosed his cause of action for personal injuries.

We feel the answer must be in the negative. Although there does not appear to be, in the present suit, any new factors[10] as such, we believe that upon these facts for the first judgment to operate as res judicata on this claim, not only must plaintiff exercise the control that was present in the first suit but, for privity of asserted rights, there should also be such a community of interest between his personal action and the corporate action that the party against whom the suit was brought would by adverse judgment in that suit be obligated to compensate for personal injury as well as property loss.

Reversed.

4. See Green v. Brophy, 1940, 71 App.D.C. 299, 301, 110 F.2d 539, 541, 9 A.L.R.2d 1 (1950). Cf. Riley v. New York Trust Co., 1942, 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885, rehearing denied 315 U.S. 829, 62 S.Ct. 903, 86 L.Ed. 1223.

5. See, for example, Marin v. Augedahl, 1918, 247 U.S. 142, 38 S.Ct. 452, 62 L. Ed. 1038; Bigelow v. Old Dominion Copper Min. & Smelting Co., 1912, 225 U.S. 111, 32 S.Ct. 641, 57 L.Ed. 1009.

6. Usher v. 1015 N. Street, N. W. Cooperative Association, supra, note 2.

7. See, for example, Egan's Estate v. Commissioner of Internal Revenue, 8 Cir., 1958, 260 F.2d 779.

8. Compare, Hornstein v. Kramer Bros. Freight Lines, 3 Cir., 1943, 133 F.2d 143.

9. See Restatement, Judgments § 83, Comment a (1942).

10. Compare, Lawlor v. National Screen Service Corporation, 1955, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122.