TROY LUMBER COMPANY, A CORPORATION, v. E. M. HUNT.

(Filed 14 January, 1960.)

**1. Judgments § 38—**

The plea of estoppel by judgment presents whether the former adjudication was on the merits and whether there is an identity of the parties, subject matter and the merits in the two actions within the purview of the doctrine of *res judicata*.

**2. Same—**

Generally, the plea of *res judicata* cannot be determined from the pleadings alone, but when the facts constituting the basis of the plea in bar appear on the face of the pleadings, the sufficiency of such plea may be tested by demurrer or motion to strike. G.S. 1-141, G.S. 1-126.

**3. Pleadings §§ 15, 30—**

A demurrer or a motion to strike admits for its purpose the truth of the factual averments well stated and relevant inferences of fact deducible therefrom, but it does not admit inferences or conclusions of law.

**4. Judgments § 29—**

A corporation is not barred from maintaining an action for damages to its vehicle by reason of a prior judgment in favor of defendant in an action by its president against the same defendant to recover for personal injuries arising out of the same accident, even though the president of the corporation is its controlling shareholder, and chairman of its board of directors, and has control of its action, since there is no identity or privity of parties within the purview of the doctrine of *res judicata*.

**5. Judgments § 30—**

A suit by the president of the corporation to recover for personal injuries received in a collision and a suit by the corporation owning the vehicle which was being driven by its president to recover for damages to its vehicle in the same collision, do not involve the same subject matter within the purview of the doctrine of *res judicata*.

**6. Judgments § 29—**

The fact that the president and controlling stockholder of a corporation exercises complete control of an action by the corporation to recover for damages to its vehicle resulting from a collision is not sufficient predicate for the plea of *res judicata* on the ground of a prior judgment in an action in which the president sued the same defendant individually to recover for his personal injuries in the same accident, there being other stockholders of the corporation and the corporation being a distinct entity from that of its shareholders.

APPEAL by defendant from *Phillips, J.,* May 1959 Civil Term, of MONTGOMERY.

Civil action to recover property damage to an automobile, heard upon plaintiff's demurrer and motion to strike defendant's pleas in

bar of *res judicata* and estoppel by judgment, filed *puis darrein continuance.*

From a judgment sustaining the demurrer, and striking out defendant's pleas in bar, defendant appeals.

*David H. Armstrong for plaintiff, appellee.*
*W. D. Sabiston, Jr., for defendant, appellant.*

PARKER, J.  Defendant's pleas in bar of *res judicata* (*Sanderson v. Ins. Co.*, 218 N.C. 270, 10 S.E. 2d 802), and of estoppel by judgment (*Bank v. Evans*, 191 N.C. 535, 132 S.E. 563) go to plaintiff's entire cause of action, and if sustained, will destroy it.

When a former judgment is set up as a bar or estoppel, the question is whether the former adjudication was on the merits of the action, and whether there is such an identity of the parties and of the subject matter in the two actions, and whether the merits of the second action are identically the same, as will support a plea of *res judicata. Hayes v. Ricard*, 251 N.C. 485, 112 S.E. 2d 123; McIntosh, N. C. Practice & Procedure, 2d Ed., Sec. 1236(7).

Generally, the plea of *res judicata* cannot be determined from the pleadings alone. *Pemberton v. Lewis*, 243 N.C. 188, 90 S.E. 2d 245; *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125; *Craver v. Spaugh*, 227 N.C. 129, 41 S.E. 2d 82; *Dix-Downing v. White*, 206 N.C. 567, 174 S.E. 451; *Batson v. Laundry Co.*, 206 N.C. 371, 174 S.E. 90; *Hampton v. Spinning Co.*, 198 N.C. 235, 151 S.E. 266.

When, as here, the facts constituting the pleas in bar of *res judicata* and estoppel by judgment are shown on the face of the defendant's pleadings, the sufficiency of such pleas may be tested by demurrer or motion to strike. G.S. 1-141; G.S. 1-126; *Williams v. Hospital Ass'n.*, 234 N.C. 536, 67 S.E. 2d 662; *Hampton v. Pulp Co.*, 223 N.C. 535, 27 S.E. 2d 538; 19 Am. Jur., Estoppel, Sec. 182, p. 838.

The demurrer and motion to strike defendant's pleas in bar present squarely for decision the sufficiency of such pleas, because the demurrer, for the purpose, admits the truth of factual averments well stated, and such relevant inferences as may be deduced therefrom, but not legal inferences or conclusions of law asserted by the pleader, *McKinney v. High Point*, 237 N.C. 66, 74 S.E. 2d 440, and the motion to strike, for the purpose of the motion, makes similar admissions. *Trust Co. v. Currin*, 244 N.C. 102, 92 S.E. 2d 658.

On 10 November 1955, F. L. Taylor was operating a Cadillac automobile, owned by the plaintiff here, Troy Lumber Company, which was involved in a collision with an automobile driven by defendant E. M. Hunt. The present action is to recover property damage to the

automobile allegedly caused by the actionable negligence of the defendant.

The ultimate facts alleged in the pleas in bar are: Troy Lumber Company is a closely held family corporation. At the time of the automobile collision between the automobile driven by F. L. Taylor and defendant's automobile, F. L. Taylor was, and is now, the controlling stockholder of Troy Lumber Company, the chairman of its board of directors, its president, and has complete charge of its operations and business. Plaintiff instituted this action on 13 February 1956, and on the same day in the Superior Court of Moore County F. L. Taylor instituted an action against the defendant Hunt to recover damages for personal injuries sustained in the same automobile collision. F. L. Taylor employed counsel, David H. Armstrong, to bring both actions and verified the complaint here as president of plaintiff. Mr. Armstrong at the time of filing the pleas in bar here, 16 May 1959, is still counsel for Troy Lumber Company and F. L. Taylor.

The allegations of negligence in paragraphs 4, 5, 6 and 7 of the complaint here are identical with similar paragraphs in the complaint of F. L. Taylor against the same defendant.

In the action of F. L. Taylor against the defendant Hunt, Hunt answered, denying all allegations of negligence made against him in the complaint, pleading contributory negligence of F. L. Taylor, and setting up a counterclaim for damages to his person and property allegedly caused by the actionable negligence of Taylor.

At the September 1957 Civil Term of the Superior Court of Moore County, the action of *F. L. Taylor and Lumbermen's Mutual Casualty Co. v. E. M. Hunt* came on for trial before a judge and jury. Since Taylor had accepted compensation under the Workmen's Compensation Act, the Casualty Company was made a party plaintiff. *Taylor v. Hunt*, 245 N.C. 212, 95 S.E. 2d 589. Six issues were presented to the jury to answer. The first issue was as to whether Taylor was injured and damaged by the negligence of Hunt, as alleged, and the fifth issue was as to whether Hunt was injured and damaged by the negligence of Taylor, as alleged. The jury answered each of these two issues "No," and did not answer the issue of contributory negligence of Taylor, as alleged in the answer, and the three issues as to damages. The court entered judgment in accord with the verdict that Taylor recover nothing from Hunt, and Hunt recover nothing from Taylor. From the judgment, plaintiff and defendant appealed to the Supreme Court, which found no error on both appeals.

**F. L. Taylor** has at all times since the institution of the present action had control of it, as he also had control of his action against E. M. Hunt.

At the time of the automobile collision F. L. Taylor was operating the automobile of plaintiff in the course and scope of his employment, as president of plaintiff, and such injuries as he received were caused by the collision arising out and in the course of his employment with plaintiff.

Is there an identity of parties, or privity among the parties, in this suit, and the suit of *F. L. Taylor* and *Lumbermen's Mutual Casualty Co. v. Hunt,* within the rule requiring, *inter alia,* identity of parties to make a judgment in one proceeding *res judicata* in another? We think not. A corporation is an entity distinct from its shareholders, and the corporate entity is distinct, although all of its stock is owned by a single individual or corporation. 13 Am. Jur., Corporations, Sec. 6. To the same effect N.C.G.S. 55-3.1. F. L. Taylor has only a contingent derivative right of succession of property interest, with the other stockholders, from the Troy Lumber Company so far as to the present suit for damages is concerned. The admission that F. L. Taylor is the controlling stockholder of Troy Lumber Company, is chairman of its board of directors, its President, and has complete charge of its operations and business, is insufficient to establish identity or privity between him and the corporation for the purpose of *res judicata. Hornstein v. Kramer Bros. Freight Lines,* 133 F. 2d 143; *Macan v. Scandinavia Belting Co.,* 264 Pa. 384, 107 A. 750, 5 A.L.R. 1502; *Wolf v. Paving Supply & Equipment Co.,* (Municipal Court of Appeals for District of Columbia, 1 Oct. 1959), 154 A. 2d 544. As a general proposition it is held that a stockholder of a corporation is not a "party" to a suit merely by reason of the fact that the corporation is an actual party. Anno. 8 A.L.R., p. 295, and the many cases there cited. In addition, Lumbermen's Mutual Casualty Company is a party plaintiff in Taylor's suit against Hunt, and is not a party to the instant suit.

The subject matter of the two suits is different. Troy Lumber Company's suit is for damages to its automobile. F. L. Taylor's suit was for personal injuries to himself. Neither could assert their alleged damages in whole or in part for, or in the name of the other. *Queen City Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688; *Meacham v. Larus & Bros. Co.,* 212 N.C. 646, 194 S.E. 99; N.C.G.S. 1-57, "Every action must be prosecuted in the name of the real party in interest. . . ."

Since the essential elements of *res judicata* and estoppel by judgment are lacking, we would affirm the judgment below on the authority of *Queen City Coach Co. v. Burrell, supra,* were it not for F. L. Taylor's active participation in Troy Lumber Company's suit, that he is its controlling stockholder, its chairman of its board of directors,

its president, has complete charge of its operations and business, and that he personally was driving the automobile involved in the collision which damaged the corporate property.

This Court said in *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167: "The principle invoked is stated in Restatement of Judgments, sec. 84, as follows: 'A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary interest or financial interest in the judgment or in the determination of a question of fact or a question of law with reference to the same subject matter or transactions; if the other party has notice of his participation, the other party is equally bound.' " Following that principle of law this Court held in *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492, that a father contingently liable under the family car doctrine, who defends as guardian *ad litem* a suit against his minor son, is estopped by judgment therein. That decision is correct, because the father as guardian *ad litem* had control over the defense of the cross action against his son, could cross-examine opposing witnesses, and offer witnesses of his own.

Plaintiff's demurrer and motion to strike defendant's pleas in bar admit, for the purpose of the hearing, that F. L. Taylor has at all times, since the institution of the two suits, had control of the instant case, and also his personal action. However, the pleas in bar contain no allegation that Troy Lumber Company had anything at all to do with the action of *F. L. Taylor and Lumberman's Mutual Casualty Co. v. Hunt,* and it is set forth in the pleas in bar that Troy Lumber Company has other shareholders than F. L. Taylor, and there is no allegation in the pleas in bar that these other shareholders had anything to do with Taylor's action for damages for personal injuries, or that any officer or agent of the corporation had anything to do with his personal action except himself.

If the present action had been tried first, and if F. L. Taylor had taken complete control of it, and continued such control until its final adjudication, would he be bound by the adjudication of litigated matters therein, as if he were a party, in the determination of the question as to whether Troy Lumber Company's automobile was damaged by the actionable negligence of Hunt? The very recent case of *Wolf v. Paving Supply & Equipment Company, supra,* answers the question, No. However, we are not called upon to answer that question here.

The principle of law quoted from *Light Co. v. Insurance Co., supra,*

is not applicable to the Troy Lumber Company upon the facts alleged in the pleas in bar.

The facts in *Philadelphia-Auburn-Cord Co. v. Shockcor,* 133 Pa. Super. 138, 2 A. 2d 501, come close to those involved in the present case. In that case the Court held: A judgment against the president of a corporation individually, in his action for injuries sustained in automobile collision, did not bar a subsequent action by the corporation for property damage to automobile in the same accident. Commenting on this case in *Hornstein v. Kramer Bros. Freight Lines, supra,* the Circuit Court of Appeals said: "There the president of the corporation had sued for personal injuries resulting from an accident and had lost. A subsequent action by the corporation for property damage, however, resulted in a verdict for the plaintiff which the Superior Court sustained. It appears from an examination of the briefs in this case that the individual plaintiff was the president and in control of the business of the plaintiff corporation."

*Hornstein v. Kramer Bros. Freight Lines, supra,* is the converse of that case. The plaintiff Frank Hornstein, while driving an automobile owned by Hornstein, Inc., was injured in a collision with a trailer truck driven by Robert E. Wheeler, an employee of Kramer Bros. Freight Lines, Inc. One Copping was the owner of the truck. Frank Hornstein sued Kramer Bros. Freight Lines, Inc., and Wheeler for personal injuries caused by the collision. Defendants filed a motion for summary judgment claiming that plaintiff's action was *res judicata.* A stipulation between the parties stated that Hornstein, Inc., sued Kramer Bros. Freight Lines, Inc., and Copping for damages to its automobile in the same collision. During the same term of court Copping sued Frank Hornstein for damages to his truck. The cases were tried together, and the issues of the negligence of Wheeler and Hornstein submitted to a jury, which found against Hornstein, Inc., in its action, and in favor of Copping in his suit against Frank Hornstein. Judgment was entered accordingly. The stipulation further stated Frank Hornstein was the President, Treasurer and General Manager of Hornstein, Inc., and either as trustee or individual owner, he voted the overwhelming majority of its stock. The defendants contended that Frank Hornstein and Hornstein, Inc., are substantially identical for the purpose of involving the doctrine of *res judicata.* The Court rejected the contention and following the decisions of the State of Pennsylvania, where the collision occurred, stated: "There is, therefore, out of the complexity of these three lawsuits nothing to make the rules of *res judicata* applicable in the case at bar

The facts alleged in defendant's pleas in bar are insufficient to make the rules of *res judicata* and estoppel by judgment applicable to the instant case, and to destroy plaintiff's action. Troy Lumber Company, a corporate entity distinct from its shareholders, which had nothing to do with F. L. Taylor's action, and which has other stockholders than F. L. Taylor, has a right to its day in court.

The judgment below is

Affirmed.