**UNITED STATES of America**

v.

**TWO LOTS OF GROUND and Improvements Thereon Located ON SPRUCE STREET between Water and Canal Streets IN READING, PENNSYLVANIA.**

**Libel No. 18 of 1959.**

United States District Court
E. D. Pennsylvania.
March 30, 1960.

**356**

Walter E. Alessandroni, U. S. Atty., Joseph J. Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Louis Lipschitz, Philadelphia, Pa., for defendant.

GRIM, District Judge.

One Joe Brown purchased certain real estate[1] in Reading, Pennsylvania, from David Realty Corporation and gave that corporation a purchase money mortgage in the sum of $42,000. David Realty Corporation assigned the mortgage to City Bank and Trust Company of Reading. The deed to Joe Brown, the mortgage to David Realty Corporation, and the assignment to the bank were all dated January 10, 1957, and were all recorded[2] January 17, 1957.

On June 7, 1958, the government seized the real estate[3] as forfeited under Section 5606 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 5606, " * * the business of a distiller having been carried on at said premises without a bond having been given as required by law," according to the Notice of Seizure.

City Bank and Trust Company of Reading reassigned the mortgage to David Realty Corporation by assignment dated January 6, 1959.

On March 17, 1959, the government filed its libel[4] to enforce the forfeiture of the real estate, averring that " * * * from on or about January 1, 1957, to June 7, 1958, there was carried on [on the described premises] * * * the business of a distiller without bond having been given as required by law and with intent to defraud the United States of the tax on spirits * * * " and that the owners of the real estate " * * * did knowingly suffer and permit such business * * * to be then and there carried on, and connived at the same."

David Realty Corporation has filed an answer to the libel averring that it "did not sell the aforesaid premises for any illegal purpose nor did it know that the aforesaid premises would be so used nor did it or any of its officers intend that it be used for the illegal enterprise * * that said mortgage is a valid and subsisting lien on the premises * * * that it had no knowledge of the illegal use of said building; nor did it in any way suffer or permit the premises to be so used in any illegal manner, which would deprive it of the rights accrued by virtue of being the mortgagee in the sum of $42,000, reduced by payments thereon to approximately $32,000."

Section 5606 of the Internal Revenue Code provides:

" * * * All the right, title, and interest of such person [illegal distiller] in the lot or tract of land on which such distillery is situated, and all right, title, and interest therein of every person, who knowingly has suffered or permitted the business of a distiller to be there carried on, or has connived at the same * * * and all the right, title, and interest of every person in any premises used

1. Referred to in the pleadings as Lot No. 1.

2. In the office of the Recorder of Deeds of Berks County, Pennsylvania.

3. "Any property subject to forfeiture to the United States under any provision

of this title may be seized by the Secretary or his delegate." Section 7321 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7321.

4. Under Admiralty Rule 21, 28 U.S.C.A.

for ingress or egress to or from such distillery, who has knowingly suffered or permitted such premises to be used for such ingress or egress, shall be forfeited to the United States."

■■ Thus under the law and the pleadings, (the Libel and the Answer) the issue has been raised as to whether or not David Realty Corporation connived at or in some other manner knowingly permitted an illegal distillery to be operated on the property.

The government has moved for summary judgment in its favor as to the forfeiture of this real estate, contending that since David Realty Corporation did not own the real estate when it was seized (June 7, 1958) and also did not own the mortgage at that time, the mortgage then being owned by the bank, David Realty Corporation had no interest in the real estate which gave or gives it a right to file an answer and intervene in this case.

It seems that if the mortgage to David Realty Corporation was given prior to the alleged illegal act and that if when it was given David Realty Corporation knew nothing of the alleged illegal act, the mortgage will not be subject to forfeiture, United States v. Stowell, 1890, 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555. Whether or not these are the facts will be determined by the results of the trial of the case.

It is correct, as the government contends, that David Realty Corporation did not own the mortgage on June 7, 1958, the date of the seizure, and that the bank owned it at that time. When the bank later reassigned the mortgage to David Realty Corporation, it assigned the mortgage itself and

"Also the Bond or Obligation in the said certain Indenture of Mortgage recited, and all Moneys, and Principal due and to grow thereon, with the Warrant of Attorney to the said Obligation annexed. Together with all Rights, Remedies and Incidents thereunto belonging."

Among the rights so assigned to David Realty Corporation was the bank's right to maintain by legal action that the mortgage, or the interest of the mortgagee in this real estate, was not forfeited under the statute.

The government's motion for summary judgment as to this real estate will be denied.