**UNITED STATES of America,**
**Libellant**

v.

**TWO LOTS OF GROUND AND IMPROVEMENTS THEREON LOCATED ON SPRUCE STREET BETWEEN WATER AND CANAL STREETS IN READING, PENNSYLVANIA.**

No. 18 of 1959.

United States District Court
E. D. Pennsylvania.

June 1, 1961.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for plaintiff.

Louis Lipschitz, Philadelphia, Pa., for David Realty Corp. and Abe Markowitz.

GRIM, District Judge.

This proceeding for the forfeiture of real estate alleged to have been used for an unlicensed distillery was before the court previously on the government's motion for summary judgment, D.C., 183 F.Supp. 355.

The respondents, David Realty Corporation and Abe Markowitz, have now moved to dismiss the libel of forfeiture for the reason that:

"The identical acts set forth in the libel as the basis for this action were also set forth in Indictment No. 19766, between the United States of America versus Abe Markowitz. A judgment of acquittal was entered in favor of Abe Markowitz in said criminal action and the United States of America is therefore conclusively stopped from relitigating in the present civil action the same issue and claim as advanced in the former criminal action by the principle of res judicata."

They cite the opinion of Judge Clary of this court on Markowitz' motion for judgment of acquittal in the prosecution for conspiracy to operate an illegal distillery, United States v. Markowitz et al., D.C.E.D.Pa.1959, 176 F.Supp. 681.

In Coffey v. United States, 1886, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 the Supreme Court held that judgment of acquittal in a criminal prosecution for illegally carrying on the business of a distiller was a bar to a proceeding for forfeiture of the distillery. In United States v. One Dodge Sedan, 3 Cir., 1940, 113 F.2d 552 the Court of Appeals held that acquittal of a husband on a charge of acting as "convoy officer" in the illicit transportation of alcohol did not bar the forfeiture of the automobile the husband was driving where the defendant husband acquitted in the criminal prosecution was not identical with the person (the wife) who claimed the automobile as owner in the forfeiture proceeding.

In the case at bar an answer to the libel was filed. It bears the title "Answer to Libel of Forfeiture." The body of the answer begins:

"Abe Markowitz, being duly sworn according to law, deposes and says that he is the president of David Realty Corporation; that he is authorized to take this affidavit in behalf of said corporation; that both he and the David Realty Corporation have a true and legal defense to the Libel of Forfeiture filed in the above action, as follows:"

The answer concludes:

"Wherefore, the David Realty Corporation, as mortgagee of the premises referred to as Lot No. 1 and as owner of premises referred to as Lot No. 2, respectfully prays that the Libel of Forfeiture be dismissed.

"Abe Markowitz
—————————
Abe Markowitz

Louis Lipschitz
—————————
"[Jurat] Louis Lipschitz
Attorney for David Realty
Corporation and Abe Markowitz"

The answer clearly sets up a claim to the accused real estate on behalf of the corporation but does not aver any facts establishing a claim on behalf of Markowitz. Since Markowitz was the person acquitted and on the face of the answer it appears that the claim is in fact that of the corporation, there is no identity between the acquitted defendant and the real claimant, and the acquittal is no bar to the proceeding.

Order

And Now, the motion to dismiss is denied.