**UNITED STATES of America**

v.

**TWO LOTS OF GROUND AND IMPROVEMENTS THEREON LOCATED ON SPRUCE STREET Between Water and Canal Streets IN READING, PENNSYLVANIA.**

**Libel No. 18 of 1959.**

United States District Court
E. D. Pennsylvania.

March 19, 1962.

**6**

Drew J. T. O'Keefe, U. S. Atty., for plaintiff.

Louis Lipschitz, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

This action, which was brought under 26 U.S.C.A. § 5606,[1] is a libel to forfeit real estate alleged to have been used for the operation of an unlicensed still. An answer to the libel was filed by Abe Markowitz, President of the David Realty Corporation (Document No. 8). The answer denied any knowledge on the part of the corporation of the illegal use to which the property here involved was put.[2] After a motion for partial summary judgment filed by the Government (Document No. 9) had been denied,[3] the respondents filed a motion to dismiss this libel. The motion was based on a plea of res judicata, the respondents arguing that an acquittal of Abe Markowitz in a criminal prosecution barred the Government from re-litigating in the present civil action the same issue and claim as had been advanced in the former criminal action.[4] This motion was argued before Judge Grim, who denied the motion to dismiss on June 1, 1961 (Document No. 18), stating in part:

> "The answer clearly sets up a claim to the accused real estate on behalf of the corporation but does not aver any facts establishing a claim on behalf of Markowitz. Since Markowitz was the person acquitted and on the face of the answer it

1. This libel was filed before the date on which the amendment to the above Section became effective. See 26 U.S.C.A. § 5615(3).

2. The answer alleges that David Realty Company had sold the premises referred to as Lot No. 1 to a "Joe Brown" and received a purchase money mortgage from him as part payment. "Lot No. 2" contains a building which was allegedly used by Brown and others to provide water, sewerage and electricity for the still. This building was also owned by the David Realty Co.

3. See United States v. Two Lots of Ground, etc., 183 F.Supp. 355 (E.D.Pa. 1960).

4. Abe Markowitz was one of a group of defendants who were tried on a charge of conspiring to violate the Internal Revenue Laws of the United States, in violation of the provisions of 18 U.S.C.A. § 371. A judgment of acquittal was entered as to Markowitz. See United States v. Markowitz, 176 F.Supp. 681 (E.D.Pa. 1959). David Realty Corporation was not a party to this criminal action.

appears that the claim is in fact that of a corporation, there is no identity between the acquitted defendant and the real claimant, and the acquittal is no bar to the proceeding." [5]

After a pre-trial conference was held, respondents filed a motion for leave to amend the answer previously filed on behalf of David Realty Corporation. The proposed amended answer incorporates the previous answer and asserts as an affirmative defense a claim on behalf of Abe Markowitz, as an individual and sole shareholder of the David Realty Corporation. This claim is based on the ground that Markowitz's status as sole shareholder of the corporation creates an identity of interest in the real estate owned of record by the corporation and that his acquittal in the criminal action bars the instant action. This Motion and the libellant's objections thereto are presently before the court.

Under F.R.Civ.P. 15(a), 28 U.S.C.A., this pleading can be amended only by leave of court. Such leave should be freely given when justice so requires. This rule has been given a liberal interpretation by the courts in cases where no prejudice results to the non-moving party.[6] However, if a proposed amendment seeks to add a defense which is obviously insufficient for the purpose for which it is offered, so that the amendment will be a useless act, the court will not grant such an amendment. See Stephens v. Reed, 121 F.2d 696, 699 (3rd Cir.1941).

The Government's position is that the "identity of interest" defense in the proposed amended answer is a departure from the original defense filed and that it will be prejudiced if it has to go to trial with the new issue in the case at this late date and, also, that the amendment will avail the respondents nothing because the pleas of res judicata or collateral estoppel are not available to them as a matter of law.

Markowitz's acquittal on the criminal action was based on the fact that insufficient evidence was presented from which the jury could find, without a reasonable doubt, that the defendant was guilty of the conspiracy charged.[7] If this action were considered a criminal proceeding and Markowitz were a party, this determination would bar the action against him on the grounds of res judicata as to issues actually litigated. Whether or not this forfeiture action is a remedial (civil) or punitive (criminal) proceeding is in doubt. In United States v. Burch, 294 F.2d 1 (5th Cir.1961), the court states at page 3:

> " * * * the weight of authority seems to support the proposition that forfeiture *in rem* actions, such as the present one, are essentially civil in nature, and should not be burdened with the attributes of a criminal action."

However, this statement is dicta in the Burch case, the court holding that even if the proceeding is criminal in nature, the defense of res judicata would not be applicable.[8]

Respondents rely on the Supreme Court decision in Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684

---

5. See United States v. Two Lots of Ground, etc., 194 F.Supp. 312, 313 (E.D. Pa. 1961).

6. See, e. g., Scott v. Baltimore and O. R. Co., 151 F.2d 61, 64 (3rd Cir. 1945); Jacquard Knitting Mach. Co. v. Ordnance Gauge Co., 95 F.Supp. 902, 905 (E.D. Pa.1951).

7. See United States v. Markowitz, supra, 176 F.Supp. at pp. 686–687.

8. The court held in the Burch case that the principles of res judicata and collateral estoppel were not a bar to the forfeiture action because the criminal action involving the defendant was on a charge of conspiracy, not on the substantive acts [see pp. 6 and 7 of 294 F. 2d 1 (5th Cir. 1961)]. It is noted that the criminal indictment against Markowitz was on the conspiracy charge, not on the substantive facts.

(1886),[9] which held that an acquittal on a substantive charge barred a libel in forfeiture. Although this case has been carefully distinguished by the Supreme Court in deciding later cases which present the same type of problem (although do not involve the same statutes),[10] the case has never been expressly overruled.

■■ However, in the case at bar, it is unnecessary to determine if this forfeiture proceeding is one to which the "criminal" label should be applied because this amendment would not present a valid defense, even though the nature of these proceedings may be designated as criminal in nature. The doctrines of res judicata and collateral estoppel are available only if the same parties are involved in both actions. In this case, the David Realty Corporation was not a party to the criminal action. Although Abe Markowitz now asserts for the first time in this action that he is the sole stockholder in the corporation,[11] this allegation is not enough to have the principle of res judicata apply. It has been held in this Circuit that a former action by a corporation of which the plaintiff in the later suit was the only principal executive officer and the stockholder controlling 1209 shares [11a] was not a bar to the plaintiff's maintaining the later action in this court, since the corporation and the individual were different parties and,

therefore, the doctrine of res judicata did not apply. Hornstein v. Kramer Bros. Freight Lines, 133 F.2d 143 (3rd Cir.1943). Also, it has been determined in this Circuit that the acquittal of the driver of a vehicle alleged to have been driven in violation of the revenue laws of the United States is no bar to a forfeiture action brought under the same statute which is applicable in the present action against the owner of the vehicle, who was the wife of the defendant acquitted in the criminal action. United States v. One Dodge Sedan, 113 F.2d 552, 553–554 (3rd Cir.1940).[12] Therefore, under the applicable law, the defendant in the criminal action (Abe Markowitz) and the corporation asserting a claim here (David Realty Corporation) not being identical, the principle of res judicata would not apply and, hence, the amendment should not be permitted since it would avail the moving party nothing. It is also noted that Judge Grim's opinion denying respondents' motion to dismiss [13] has really covered the principal contentions of respondents. If there had been "identity of interest" between Markowitz and the David Realty Corporation, that decision would not have been worded as it was.

As the libellant would be prejudiced at this stage of the proceedings [14] if the

9. See, also, United States v. LaFranca, 282 U.S. 568, 575, 51 S.Ct. 278, 75 L.Ed. 551 (1931).

10. E. g., Helvering v. Mitchell, 303 U.S. 391, 397–400, 405–406, 58 S.Ct. 630, 82 L.Ed. 917 (1938); United States ex rel. Marcus v. Hess, 317 U.S. 537, 549–550, 63 S.Ct. 379, 87 L.Ed. 443 (1943). See, also, United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953).

11. In the answer, he merely asserts that he is the President of the company; in the pre-trial memorandum he is called only the "principal" stockholder (see Documents Nos. 8 and 16).

11a. His wife owned the remaining 10 shares.

12. In that case, the Coffey case was carefully distinguished. Note also that the court, at p. 554 of the decision, stated: "The application of these general ideas to the case of a criminal prosecution followed by a civil suit has not been easy" (showing that the U. S. Court of Appeals for the Third Circuit would classify this action as a "civil" one undoubtedly).

13. See United States v. Two Lots of Ground, etc., 194 F.Supp. 312 (E.D.Pa. 1961).

14. This case will be replaced in the pool upon filing of this ruling on the above Motion, which was filed one month after the Pre-Trial Conference. (See order of February 5, 1962, being Document No. 23.)

amendment were allowed, and since the amendment would avail the moving parties nothing, the interests of justice do not require that the amendment be granted and it is, therefore, denied.