Adolfo G. TORRES

v.

Hazel BORZELLECA and Professional Management Consulting

v.

Gerald D. GALLOP, The Gallop Group, Inc., Robert A. Freeman, individually and as General Partner of RGH, Ltd., LPC, Ltd., and AGI, Ltd. and David Dworsky, individually and as General Partner of RGH, Ltd. and AGI, Ltd.

Civ. A. No. 84–1614.

United States District Court, E.D. Pennsylvania.

Aug. 7, 1986.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Adolfo G. Torres, M.D., a Maryland citizen, brought this action against Hazel Borzelleca, a Pennsylvania citizen, who is a management consultant. In Count I, Dr. Torres alleges that Borzelleca violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5, 17 C.F.R. § 240.-10b–5, by falsely and misleadingly stating that certain investment programs offered to Dr. Torres, consisting of interests in limited partnerships organized to install energy-saving equipment in commercial buildings, would generate tax savings in an amount greater than the required investment outlays. Count II alleges that Dr. Torres was defrauded by Borzelleca by making false statements concerning his investments. Counts III and IV allege that Borzelleca has committed the tort of negligent misrepresentation in a business transaction by failing to exercise due care in reviewing investment data and in advising Dr. Torres in connection with various investment programs.

Borzelleca filed a third-party complaint against Robert A. Freeman and David Dworsky, California citizens and general partners in the limited partnership interests sold to Dr. Torres, and against Gerald Gallop and the Gallop Group, Inc., a California financial service company which marketed the limited partnerships.

Borzelleca has filed a motion for summary judgment attached to which are portions of the depositions of Dr. Torres and his accountant, Harry McCrory, and portions of the final pretrial order filed by the parties. The third-party defendant, Gerald Gallop, filed a motion for summary judgment which adopts and incorporates Borzelleca's motion. Dr. Torres opposes both motions and has attached portions of Borzelleca's deposition to his memorandum of law. For the reasons that follow, Borzelleca's and Gerald Gallop's motions for summary judgment will be granted.

Lowell F. Raeder, Philadelphia, Pa., for plaintiff.

Richard M. Jordan, Philadelphia, Pa., for Borzelleca & Professional Management Consulting.

Robert G. Hanna, Jr., Philadelphia, Pa., for Gerald D. Gallop, The Gallop Group, Inc.

The material facts concerning which there are no genuine issues may be summarized as follows: On or about December 8, 1982, Dr. Torres telephoned Borzelleca, a management consultant. During the telephone conversation, Borzelleca recommended that Torres invest in tax shelters, specifically RGH, Ltd., a California limited partnership. Borzelleca sent Torres a letter dated December 9, 1982 in which she explained, inter alia, some of the risks of investing in a tax shelter. Enclosed with this letter was a worksheet prepared by Borzelleca for Torres, which set forth "ACTUAL TAX WRITE–OFF" as follows:

| 1982 | 1983 | 1984 | 1985 | 1986 |
|------|------|------|------|------|
| $44,720.70 | $17,871.30 | $29,130.30 | $26,012.80 | $23,828.50 |

After reading the information provided by Borzelleca, Dr. Torres decided to and did purchase limited partnership interests in RGH, Ltd. Later in December 1982, and sometime in 1983, Torres also purchased limited partnership interests in AGI, Ltd., Derringer Oil Technology Partners and LPC, Ltd. from Borzelleca and third-party defendants Gallop, Freeman and Dworsky. By letter dated September 11, 1985, the Internal Revenue Service notified the plaintiff that an adjustment was necessary in the plaintiff's tax liability for 1982 due to an overstated valuation in connection with the Derringer Oil tax shelter. Dr. Torres is satisfied with the benefits he has received from the AGI and LPC investments.

The final pretrial order, submitted to chambers in December 1985, and signed by counsel for Dr. Torres, sets forth that the damages which he seeks to recover are:

> The damages which were suffered by the plaintiff Adolfo G. Torres are the difference between the credits which it was represented to him he would receive pursuant to the written presentations made to him by Hazel Borzelleca and the credits which he actually received as the result of the purchase of the interests in the limited partnerships.

In addition, in his memorandum of law in opposition to the motions for summary judgment, Dr. Torres states:

> The Moving Parties have correctly stated plaintiff's damage demand . . . being the difference between the credits which it was represented to the plaintiff he would receive . . . and the credits which he actually received.

Dr. Torres is, therefore, seeking damages in an amount measured by the tax credits promised less the tax credits received.

Borzelleca and Gallop move for summary judgment on the ground that the damages Dr. Torres seeks are not recoverable in an action brought pursuant to section 10(b) and Rule 10b–5 of the 1934 Act. The Court agrees and will grant summary judgment in favor of Borzelleca and Gerald Gallop on Count I of Dr. Torres' complaint.

In order to prove an action under section 10(b) of the 1934 Act, the plaintiff must establish that it has suffered damages as a result of the defendant's acts. *Dirks v. S.E.C.*, 463 U.S. 646, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983); *Healy v. Catalyst Recovery of Pennsylvania, Inc.*, 616 F.2d 641 (3d Cir.1980); *Shapiro v. Midwest Rubber Reclaiming Co.*, 470 F.Supp. 173, 178 (E.D.Mo.1979), *aff'd*, 626 F.2d 63 (8th Cir.1980), *cert. denied*, 449 U.S. 1079, 101 S.Ct. 860, 66 L.Ed.2d 802 (1981). In a section 10(b) action, a plaintiff may only recover actual damages. As stated in section 28(a) of the Securities Exchange Act of 1934

> no person permitted to maintain a suit for damages under the provisions of this chapter shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of.

15 U.S.C. § 78bb(a) (1981). The measure of actual damages in a section 10(b) action is the out-of-pocket loss measured by the difference between the fair value of what the plaintiff received and the fair value of what he would have received had there been no fraudulent conduct. *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 155, 92 S.Ct. 1456, 1473, 31 L.Ed.2d 741 (1972). It is clear that section 28(a) limits recovery in a section 10(b) action to

compensatory, non-speculative damages. *Osofsky v. Zipf,* 645 F.2d 107, 111–12 (2d Cir.1981). The computation of actual damages does not include consideration of predicted or anticipated tax benefits. *Sharp v. Coopers & Lybrand,* 649 F.2d 175 (3d Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982); *Freschi v. Grand Coal Venture,* 767 F.2d 1041 (2d Cir.1985) (appeal pndg.). It is clear in this Circuit that compensation for predicted or anticipated tax benefits is not recoverable under the 1934 Act. As stated by our Third Circuit in *Sharp:*

> ... the proper measure of damages is the amount of money invested minus the value of the speculative investment at the time of purchase, derived from all information available to the investors at the time, without considering the predicted tax benefits.

649 F.2d at 190–91 (footnote omitted). Furthermore, the Second Circuit, in *Freschi* states:

> [A] Rule 10b–5 plaintiff can be compensated only for actual damages, and [any] award in compensation for hoped-for tax savings would be an impermissible award of damages arising from an expectation interest.

767 F.2d at 1051. Therefore, the damages claimed by Dr. Torres in Count I of his complaint, i.e., the difference in the tax credits promised less the tax credits received, are not recoverable. Summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* — U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (June 25, 1986).

Borzelleca and Gerald Gallop also contend that they are entitled to summary judgment on the state law claims set forth in Counts II, III and IV of the complaint on the ground that such damages are likewise not recoverable under any of the state law claims. The Court agrees that the damages being claimed by Dr. Torres are not recoverable in the common law fraud action alleged in Count II, nor in the negligent misrepresentation claims alleged in Counts III and IV. The Court will, therefore, grant summary judgment to Borzelleca and Gerald Gallop on Counts II, III and IV of the complaint.

This Court has pendent jurisdiction over the state law claims in Counts II, III and IV of the complaint. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The parties appear to agree that Pennsylvania law governs the state law claims set forth in Counts II, III and IV and the Court finds no reason to disagree.

As heretofore pointed out, Count II of the complaint alleges that Dr. Torres was defrauded by Borzelleca by making false statements concerning his investments. It is this Court's prediction that the Pennsylvania Supreme Court would follow the reasoning of the Pennsylvania Superior Court in *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa.Super. 90, 464 A.2d 1243 (1983) and hold that a plaintiff in a common law fraud action is limited to the recovery of actual damages and cannot recover predicted or anticipated tax benefits. As the Superior Court stated in *Delahanty,*

> Under Pennsylvania law, in an action based on fraud, the measure of damages is "actual loss", *Kaufman v. Mellon National Bank & Trust Co.,* 366 F.2d 326 (3d Cir.1966), and not the benefit, or value, of that bargain. *Savitz v. Weinstein,* 395 Pa. 173, 178, 149 A.2d 110, 113 (1959). The victim is entitled to all pecuniary losses which result as a consequence of his reliance on the truth of the representation.

318 Pa.Super. at 117, 464 A.2d at 1257.

In Counts III and IV, Dr. Torres asserts that Borzelleca has committed the tort of negligent misrepresentation in a business transaction by failing to exercise due care in reviewing investment data and in advising him in connection with various investment programs. As heretofore pointed out, Borzelleca and Gerald Gallop assert, and the Court agrees, that they are entitled

to summary judgment because the damages sought by Dr. Torres are not recoverable under Pennsylvania law in an action for negligent misrepresentation in a business transaction. As the Third Circuit pointed out in *Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 342 & 343, 88 L.Ed.2d 290 (1985), the Pennsylvania Supreme Court in *Rempel v. Nationwide Life Insurance Co.*, 471 Pa. 404, 408, 370 A.2d 366, 367–68 (1977), recognized that under section 552 of the Restatement of Torts, negligent misrepresentation in a business transaction provides a cause of action in Pennsylvania. The Pennsylvania Superior Court and the Pennsylvania Commonwealth Court have likewise acknowledged the existence of a cause of action based on section 552 of the Restatement (Second) of Torts. *Mill-Mar, Inc. v. Statham*, 278 Pa.Super. 296, 420 A.2d 548 (1980) (adopted second Restatement version of section 552), *appeal dismissed*, 499 Pa. 219, 452 A.2d 1017 (1982); *Muntan v. City of Monongahela*, 45 Pa. Cmmw. 23, 406 A.2d 811 (1979) (relied on second Restatement version of section 552).

■ The damages recoverable in an action for negligent misrepresentation in a business transaction based upon section 552 of the Restatement (Second) of Torts are specifically set forth in section 552B of the Restatement (Second) of Torts, which provides:

§ 552B. Damages for Negligent Misrepresentation

(1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including

(a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

(b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

(2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

Section 552B makes it clear that in a negligent misrepresentation action, the plaintiff cannot recover damages for loss of an expectancy of a pecuniary advantage. As stated in comment b to section 552B:

The considerations of policy that have led the courts to compensate the plaintiff for the loss of his bargain in order to make the deception of a deliberate defrauder unprofitable to him, do not apply when the defendant has had honest intentions but has merely failed to exercise reasonable care in what he says or does.

Restatement (Second) of Torts § 552B, comment b (1977). Although as heretofore pointed out the Pennsylvania Supreme Court has adopted section 552 of the Restatement which provides a cause of action for negligent misrepresentation in a business transaction, no Pennsylvania cases have come to this Court's attention specifically determining whether in such an action predicted or anticipated tax benefits are recoverable. It is this Court's prediction, however, that the Pennsylvania Supreme Court would follow section 552B and hold that in an action for negligent misrepresentation in a business transaction, predicted or anticipated tax benefits are not recoverable. As heretofore pointed out, such damages are not recoverable from a deliberate defrauder in Pennsylvania. It would, therefore, be inconsistent to allow predicted or anticipated tax benefits as damages from a defendant with honest intentions who has failed to exercise reasonable care and deny such damages to a deliberate defrauder.

Therefore, in view of the fact that the plaintiff in this case has specifically stated in the pretrial order as well as in his opposition to the motions for summary judgment that he is seeking only the following damages

the difference between the credits which it was represented to him he would receive ... and the credits which he actually received ...

summary judgment will be granted in favor of Borzelleca and Gerald Gallop on Counts III and IV of the complaint.